ATLANTIC STATES INSURANCE
COMPANY, Appellant

v.

NORTHEAST NETWORKING SYS-
TEMS INC., Clinton Boyd and
Charles Fornicoia, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 21, 2005.

Filed Feb. 3, 2006.

Louis C. Long, Pittsburgh, for appellant.

John D. Newborg, Pittsburgh, for Fornicoia, appellee.

Before: ORIE MELVIN, McCAFFERY and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Atlantic States Insurance Company appeals from an order entered on September 9, 2004, in the Allegheny County Court of Common Pleas, which denied Appellant's motion for summary judgment and granted Appellee Charles Fornicoia's cross-motion for summary judgment. Appellant sought a declaratory judgment requiring it to defend or indemnify Clinton Boyd in a suit filed against him by Appellee. The trial court ordered Appellant to defend and indemnify Boyd in the abovementioned suit. Upon careful review, we reverse.

¶ 2 Appellant insured Northeast Networking Systems, Inc., ("Northeast") under a business auto policy. That policy excludes coverage for any injuries that Northeast would be liable for under laws such as the workers' compensation law. Both of the individuals, ("Boyd") and Appellee were employees of Northeast at the time they were involved in the automobile accident that gave rise to the instant dispute.

¶ 3 The insurance policy issued by Appellant included the following liability coverage:

### A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or sue of a covered "auto."

### 1. WHO IS AN INSURED

The following are "insureds:"

a. You for any covered "auto."

b. Anyone else while using **with your permission** a covered "auto" you own, hire or borrow....

(Emphasis added.) The policy also contained the following exclusions:

## B. EXCLUSIONS

This insurance does not apply to any of the following:

\*  \*  \*  \*  \*  \*

### 3. WORKERS' COMPENSATION

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

### 4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

a. An employee of the "insured" arising out of an (*sic*) in the course of employment by the "insured."

\*  \*  \*  \*  \*  \*

### 5. FELLOW EMPLOYEE

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

Trial court opinion, 1/19/05, at 3–5.

¶ 4 Boyd and Appellee had been sent by Northeast from Murrysville, Pennsylvania, where they normally worked to Richmond, Virginia. During their trip they stayed overnight in hotels, ate at restaurants, and used a company-owned vehicle, which was covered by the policy at issue. Boyd, who was Appellee's supervisor at the time, was the only employee permitted by his employer Northeast to drive the company car.

¶ 5 The two employees went to dinner, where they both consumed alcoholic beverages. After dinner, Boyd drove the car while Appellee rode as a passenger. Both were involved in a single-car accident in which Appellee was seriously injured. The accident gave rise to two other types of proceedings besides the instant one, Appellee and Boyd's workers' compensation claims against Northeast and a negligent tort action in Florida by Appellee against Boyd and Northeast.[1]

¶ 6 Both Appellee and Boyd filed workers' compensation claims against Northeast. A workers' compensation referee decided Appellee *was* in the scope of Northeast's business when he was injured, even though he had imbibed alcohol, apparently because he was a passenger at the time of the accident. A different workers' compensation referee decided that Boyd, the driver of the auto, *was not* in the scope of Northeast's business at the time of the accident, giving as the reason for this decision the fact that Boyd had consumed alcohol prior to driving the car in violation of his employment policy. According to the workers' compensation decision, Boyd was cited with DUI by Virginia police. The referees granted Appellee workers' compensation benefits and denied them to Boyd.

¶ 7 Northeast undertook Boyd's defense in the Florida negligent tort action, subject to a reservation of rights and the outcome of this declaratory judgment action. In its complaint for the declaratory judgment action and motion for summary judgment, Appellant asserted that Appellee's suit was not covered by the policy because he received workers' compensation benefits based upon a determination that he was within the scope and course of his employment and, as such, his claim was excluded from coverage by the workers' compensation exclusion and the employee indemnification and employer's liability exclusion. The complaint also stated that the fellow employee exclusion negated coverage. Fi-

---

1. Appellee is currently residing in Florida.

nally, Appellant contended Boyd was not insured under the insurance policy because he violated the company policy against drinking and driving, which negated his permission to drive the company vehicle. Boyd claims the work-related exclusions do not apply to him insofar as he was found to be outside the scope and course of his employment. He contends his employer can not deny him coverage due to his drunken driving because this would violate the prohibition of such policy exclusions contained in 75 Pa.C.S.A. § 1724.

¶ 8 The trial court in this declaratory judgment action determined that none of the exclusions within the insurance policy including the workers' compensation exclusion, the employee indemnification and employer's liability exclusion, and the fellow employee exclusion apply to this situation. It denied the application of any of the insurance policy exclusions to Boyd because both the workers' compensation proceedings and the Florida litigation decided he was outside the scope of his employment at the time of the accident. Additionally, the trial court held Boyd's alcohol use would not justify a denial of coverage pursuant to 75 Pa.C.S.A. § 1724. Trial court opinion, 1/19/05, at 10.

¶ 9 The trial court denied Appellant's motion for summary judgment and granted Boyd's motion for summary judgment. As a result, it declared that Appellant is responsible for defending Boyd in the Florida litigation and responsible for paying any verdict in favor of Appellee and against Boyd, up to its coverage limits, without any deduction for the workers' compensation benefits paid to Appellee in satisfaction of Northeast's separate employer liability. Trial court opinion, 1/19/05, at 10.

¶ 10 Appellant filed this timely appeal. The trial court directed Appellant to file a 1925(b) statement, and it complied. The trial court then issued a 1925(a) opinion. On appeal, Appellant raises the following issues for our review: [2]

1.  Because [Appellant's] business auto policy affords no coverage for any work-related injuries to the insured's employees and because [Appellee's] injuries arose from his employment by the insured, the lower court erred in holding that [Appellant] must defend against and indemnify for [Appellee's] suit.

2.  The liability coverage of a business auto policy does not apply to an insured's injured employee.

3.  The record clearly showed that [Appellee's] work-related injuries were not covered by his employer's business auto policy.

4.  The court below erred in holding that rulings adverse to Boyd were binding upon [Appellant] in this declaratory judgment action.

5.  The workers' compensation exclusion defeats coverage.

6.  The employer's liability exclusion defeats coverage.

---

2.  Appellant's issues have been renumbered and reorganized for our review. A 1925(b) statement is to be a "concise statement of the matters complained of on the appeal...[a] failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." Pa.R.A.P.1925(b), *see also Commonwealth v. Lord*, 553 Pa. 415, 417–18, 719 A.2d 306, 308 (1998). Although Appellant complied with the trial court's order, it incorporated so many previous document references into the 1925(b) statement that it was anything but "concise." The trial court, in its 1925(a) opinion, summarized Appellant's issues complained of on appeal and waived the remaining issues. Although the trial court did not include the "fellow employee" exclusion issue in its summary of the issues presented for review, it did address the issue in its 1925(a) opinion, therefore, we will include it in our summary.

7. The court below erred in holding that Boyd was a permissive user of the employer's vehicle because his knowing violation of a company policy against drinking and driving established that he lacked permission.

8. The fellow employee exclusion defeats coverage.

Appellant's brief, at i-ii.

Our standard of review in a declaratory judgment action is narrow. We review the decision of the trial court as we would a decree in equity and set aside factual conclusions only where they are not supported by adequate evidence. We give plenary review, however, to the trial court's legal conclusions. Furthermore, our standard of review of an order granting or denying a motion for summary judgment is well established:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Universal Health Servs. v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 884 A.2d 889, 892 (Pa.Super.2005) (citations omitted).

¶ 11 First, we review Appellant's arguments one through four collectively. Appellant argues that the liability coverage of a business auto policy does not apply to an insured's injured employee and, specifically, that Appellant does not need to provide Boyd with defense and indemnification in the Florida suit. Appellant argues that all of the exclusions within the business auto policy apply and, therefore, Boyd is not covered under the policy. Appellee argues that Boyd was adjudged to be out of the course and scope of his employment and, therefore, the work related exclusions do not apply. Additionally, Appellee argues that Appellant is collaterally estopped from asserting otherwise because the decisions of the Florida court and the workers' compensation referee are binding on Appellant. Appellant argues that collateral estoppel does not apply because Appellant was not a party to the initial litigation. Appellant contends it is not collaterally estopped from asserting that Boyd and Appellee were fellow employees subject to the exclusions contained in the business auto policy, because Appellant was not a party to prior proceedings which established that the driver was not in the scope and course of his employment. We agree with Appellant that collateral estoppel does not apply, but for a different reason.

¶ 12 Collateral estoppel bars the re-litigation of issues where:

1. the issue decided in the prior case is identical to one presented in the later case;

2. there was a final judgment on the merits;

3. the party against whom the plea is asserted was a party or in privity with a party in the prior case;

4. the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and

5. the determination in the prior proceeding was essential to the judgment.

*Radakovich v. Radakovich*, 846 A.2d 709, 715 (Pa.Super.2004).

¶ 13 Applying the above factors, we determine that collateral estoppel is not applicable in this situation. The first factor, which is that the issue decided in the prior case is identical to one presented in the later case has not been met. The issue presented before the workers' compensation referee was whether Boyd was acting within the scope and course of his employment while driving the company car and the workers' compensation referee determined that he was not. *See* Workers' compensation opinion, 5/23/02, at 5. Similarly, the decision of the Florida court that Boyd was not acting within the course and scope of his employment is not binding upon Appellant because it is not the same issue being litigated here. *See* Florida trial court opinion, 12/10/03, at 4. At issue here is whether Boyd was a permissive user and, therefore, an "insured" under the insurance policy. As a result, collateral estoppel does not apply here and will not prevent Appellant from litigating whether Boyd was a permissive user under his employer's insurance policy. It is not necessary to apply the other factors because the absence of the first factor bars the application of collateral estoppel to this issue. We hold that the trial court erred in determining that collateral estoppel is applicable to this issue. Therefore, Appellant may litigate whether Boyd was a permissive user of the vehicle under his employer's insurance policy.

¶ 14 Second, we review Appellant's argument that the "workers' compensation" exclusion in Appellant's policy bars coverage of Boyd for Appellee's claims.

¶ 15 The workers' compensation exclusion states in pertinent part:

**B.  EXCLUSIONS**

This insurance does not apply to any of the following:

\*       \*       \*       \*       \*       \*

**3.  WORKERS'  COMPENSATION**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

¶ 16 This provision excludes from the policy any obligation for which the insured, either Northeast or Boyd, or the insured's insurer, Appellant, may be held liable under workers' compensation.... The trial court determined that this exclusion does not apply to the current situation because "[this] policy section does *not* exclude any obligation for which Boyd, Northeast or [Appellant] may be held liable under ordinary tort law." Trial court opinion, 1/19/05, at 7.

¶ 17 The trial court noted that workers' compensation statutes are intended to protect employees who are injured while on their employer's business or by fellow employees also on their employer's business. Trial court opinion, 1/19/05, at 7. It reasoned that because the workers' compensation referee determined that under workers' compensation law Boyd was out of the scope of his employment, due to his alcohol consumption at dinner, he is liable to Appellee in tort and not liable under workers' compensation law. Trial court opinion, 1/19/05, at 8. Therefore, the trial court concluded that the workers' compensation exclusion does not apply. We agree. Boyd drove the company car after consuming alcohol, which is a violation of Northeast's company policy. Testimony was presented during Boyd's workers' compensation hearing that Boyd attended a driving safety and procedures meeting, which outlined the policy against driving the company vehicle after consuming alcohol, and that his signature was on the sign-in sheet. N.T. Workers' compensation

hearing, 5/23/02, at 2–3. Therefore, as determined by the referee, Boyd is not entitled to workers' compensation benefits because his consumption of alcohol took him outside the scope of his employment. Appellee's only remedy against Boyd is to sue him in tort due to the fact that he was determined not to be within the scope of his employment during the accident. Because Boyd was denied workers' compensation benefits by the referee and Appellee is suing Boyd in tort, Boyd cannot be held liable for any obligation under workers' compensation law. Therefore, Boyd cannot be excluded from coverage by this policy section.

■ ¶ 18 Third, we review Appellant's argument that the employee indemnification and employer's liability exclusion bars coverage of Boyd for Appellee's claims. The pertinent parts of the policy are:

### B. EXCLUSIONS

This insurance does not apply to any of the following:

\*    \*    \*    \*    \*    \*

### 4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

a. An employee of the "insured" arising out of an (sic) in the course of employment by the "insured."

¶ 19 We agree with the trial court that this exclusion does not apply because it deals with Northeast's liability to Appellee, which is not a matter at issue here. Trial court opinion, 1/19/05, at 7. Appellee brought suit against Boyd for his bodily injuries suffered as a result of the accident. This exception would apply only if Appellee was bringing suit against Northeast for the bodily injury arising out of and in the course of his employment. Therefore, Boyd is not excluded from coverage by the employee indemnification and employer's liability exclusion.

¶ 20 Fourth, we address Appellant's argument that Boyd is not a "permissive user" of the vehicle according to the policy because he knowingly violated a company policy by driving a company vehicle after consuming alcohol. Appellant did not include this issue in his 1925(b) statement, and, therefore, we consider it waived. *Commonwealth v. Lord,* 553 Pa. 415, 419, 719 A.2d 306, 309 (1998); *see also Forest Highlands Cmty. Ass'n v. Hammer,* 879 A.2d 223, 226 (Pa.Super.2005) (An appellant must comply whenever the trial court orders the filing of a statement of matters complained of on appeal pursuant to 1925(b), any issues not raised in a 1925(b) statement will be deemed waived).

■ ¶ 21 However, Appellant does raise in his 1925(b) statement the issue of whether 75 Pa.C.S.A § 1724 applies to this case and, as a matter of law, defeats Appellant's claim that Boyd did not have permission to drive the company car because he imbibed alcohol. The trial court held that Boyd was given permission to drive the car by his employer Northeast. Trial court opinion, 1/19/05, at 6. The fact that he consumed alcohol may not be used to deny him coverage. Pennsylvania Statute 75 Pa.C.S.A. § 1724 states in pertinent part:

### § 1724. Certain nonexcludable conditions

(a) GENERAL RULE.—Insurance benefits may not be denied solely because the driver of the insured motor vehicle is determined to be under the influence of drugs or intoxicating beverages at the time of the accident for which benefits are sought.

(b) CONTRACT EXCLUSIONS.—Provisions of an insurance policy which exclude insurance benefits if the insured

causes a vehicular accident while under the influence of drugs or intoxicating beverages at the time of the accident are void.

75 Pa.C.S.A. § 1724.

¶ 22 Appellant argues that section 1724 applies to insurance benefits and not to liability insurance coverage. The policy behind section 1724 was explained by the court in *Donegal Mut. Ins. Co. v. Long,* 387 Pa.Super. 574, 564 A.2d 937, 946 (1989). This Court stated that "owners of licensed vehicles in this Commonwealth must maintain a financial responsibility so that victims of motor vehicle accidents will have recourse. That responsibility cannot be curtailed by a clause in a rental agreement denying coverage when liability arises when the driver is under the influence of alcohol or drugs. The public policy of this Commonwealth on this matter, as clear in 1985 as it is today, most definitely outweighs the enforcement of the exclusion clause." *Id.,* 564 A.2d at 946. Although the *Donegal* court refers to an exclusion clause in a car rental agreement, this case is equally applicable here. It is clear that this is the type of situation in which section 1724 was intended to apply. It would defeat the purpose of liability insurance if coverage could be denied simply because the driver consumed alcoholic beverages before he caused an accident.

¶ 23 Appellant also argues that application of section 1724 is inappropriate because there is no exclusion in Appellant's policy which negates coverage for drinking and driving. However, Appellant is arguing that violation of an employer's policy against drinking and driving negates the insurance coverage. Appellant's brief, at 28. If this were the case it would lead to the same result, denial of coverage for the victim, which section 1724 is trying to prevent. The trial court correctly found that permission to use the vehicle was not ne-gated by Boyd's alcohol consumption. Trial court opinion, 1/19/05, at 10.

¶ 24 Finally, we review Appellant's argument that the fellow employee exclusion bars coverage of Boyd for Appellee's claims. The pertinent parts of this policy are:

**B. EXCLUSIONS**

This insurance does not apply to any of the following:

\*     \*     \*     \*     \*     \*

**5. FELLOW EMPLOYEE**

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

¶ 25 The trial court determined that the decision of the workers' compensation referee that Boyd was not within the course and scope of his employment at the time of the accident, also meant his tortious act was not the act of Northeast. Therefore, the trial court determined that he was not a "fellow employee" within the meaning of the exclusion because he was acting on his own behalf when he caused the accident. We disagree.

¶ 26 The fact that Boyd was acting outside of the course of his employment at the time of the accident does not negate the fact that he was a permissive user of the vehicle and, therefore, an "insured" under this policy. *See* Northeast's insurance policy, at A(1)(b). This exclusion applies to a situation where there has been "bodily injury to any fellow employee (Appellee) of the insured (Boyd) arising out of and in the course of the *fellow employee's (Appellee) employment."* A workers' compensation referee determined that Appellee was acting within the course and scope of his employment during the time of the accident. *See* Workers' compensation opinion, 2/8/02, at 9. Thus, his "bodily injury [arose]

out of and in the course of" *his* employment. This bodily injury was a result of the insured's (Boyd's) action. Therefore, the fellow employee exclusion of this policy would bar coverage of Boyd by Appellant. Appellant *is not* responsible for defending Boyd in the Florida litigation and *is not* responsible for paying any verdict in favor of Appellee and against Boyd.

¶ 27 Order reversed. Jurisdiction relinquished.