J.S23044/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

VICTORIA L. BERKOWITZ N/K/A      :      IN THE SUPERIOR COURT OF
VICTORIA S. HOLLISTER,          :            PENNSYLVANIA
                                   :
               Appellant       :
            v.                 :
                                     :
JUDAH S. BERKOWITZ,             :
                                     :        No. 2777 EDA 2015

Appeal from the Order Entered August 13, 2015
in the Court of Common Pleas of Chester County Domestic Relations
at No(s): 2005-06278

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED MARCH 21, 2016.**

Appellant, Victoria L. Berkowitz, n/k/a Victoria S. Hollister ("Wife"),

appeals from the order entered in the Chester County Court of Common

Pleas denying her Petition for Special Relief for Enforcement of Marriage

Settlement Agreement.[1] Wife challenges the trial court's determination that

the exemption for the parties' child, Emily, became unavailable for use by

the parties when Emily claimed herself as a dependent in her 2014 tax

return. We reverse and remand.

We glean the undisputed facts from the record. Appellee, Judah S.

Berkowitz ("Husband"), and Wife were married on April 18, 1986. R.R. at

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court, in the August 13th order, refers to the petition as a petition for the enforcement of the property settlement agreement ("PSA"). For consistency, we refer to it as the PSA.

28a.[2] Husband and Wife entered into a PSA on July 16, 2007. *Id.* at 29a-37a. The PSA was set forth in the Report and Recommendation of the Master. *Id.* at 27a-38a. The PSA provided, in pertinent part, as follows:

> 18. Starting in tax year 2007, Wife shall be entitled to claim Emily[3] and Ann[4] as dependents for tax purposes, and Husband shall be entitled to claim Rebecca[5] as a dependent. When there is no longer a dependency exemption available for Rebecca, then Husband shall be entitled to claim Ann and Wife shall be entitled to claim Emily. When Ann can no longer be claimed as a dependent for tax purposes, then each party shall be entitled to claim Emily in alternating years.

*Id.* at 36a-37a. A divorce decree was entered on September 11, 2007. *Id.* at 39a. The decree provided that "[t]he agreement reached by the parties, the provisions which are set forth at length in the Master's Report, is incorporated herein." *Id.*

Wife claimed Ann[6] and Emily as dependents in her 2014 U.S. Individual Income Tax Return. *Id.* at 49a. Wife's return was rejected by the IRS for the following reason:

---

[2] For convenience, we refer to the reproduced record where applicable.

[3] Emily was born on June 8, 1993. In 2014, she was a senior in college. *Id.* at 48a.

[4] Ann was born on April 21, 1992. *Id.*

[5] Rebecca was born on May 16, 1991. *Id.*

[6] We note that in her income tax return, Wife spells Ann with an "e" unlike the spelling of the dependent's name in the PSA.

> Your dependent's social Security number (SSN) cannot be used to claim an exemption on two separate tax returns. You claimed a dependent as an exemption on your tax return, but this dependent has also filed their own tax return claiming a person exemption.

*Id.* at 51a. On April 6, 2015, Husband wrote to Wife stating: "When I prepared Emily's 2014 taxes for her this year I checked off the box that no one was claiming her as a dependent." *Id.* at 53a.

On June 15, 2015, Wife filed a petition to enforce the PSA. *Id.* at 1a-3a. In the petition, Wife averred, in pertinent part, as follows:

> [Wife] was entitled to a federal income tax refund of $2,203.00 when Emily was claimed as a dependent exemption. . . .
>
> Due to [Husband's] willful and deliberate refusal to abide by the terms of the [PSA, Wife] was required to re-file her federal and state income tax returns. As a result, [Wife's] federal income tax refund was reduced to $1,273.00, a difference of $930.00. . . .

*Id.* at 3a. Wife requested the court to order Husband to pay her the sum of $930.00. *Id.* On August 13, 2015, following a hearing, the trial court denied Wife's request for relief. *Id.* at 66a. Wife filed a motion for reconsideration and notice of appeal on September 4, 2015. The trial court denied the motion for reconsideration on September 8, 2015.

Appellant raises the following issues for our review:[7]

---

[7] We note that the trial court found Appellant waived the issues raised on appeal for failure to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. *See* R.R. at 77a-78a. This court has held:

1. Did the trial court err as a matter of law or abuse its discretion in failing to enforce the parties' PSA with respect to the income tax dependency exemption for the parties' child to reflect the agreement of the parties as contained in the PSA?

2. Did the trial court err or abuse its discretion by concluding that [Husband] did not violate the terms of the PSA with regard to the allocation of income tax dependency exemptions when the evidence, including Husband's own admission, showed that Husband alone was

---

Before addressing the merits of [the a]ppellant's claims, we need to decide whether they are preserved for appellate review as required by the Pennsylvania Supreme Court in **Commonwealth v. Lord**, [ ] 719 A.2d 306 ([Pa.] 1998), which held an [a]ppellant must comply whenever the trial court orders the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925: "Any issues not raised in a 1925(b) statement will be deemed waived." **Id.** [ ] at 309.

However, there are caveats to a finding of waiver. First, the trial court must issue a Rule 1925(b) order directing an [a]ppellant to file a response within fourteen days of the order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, **the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made**. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. **See** Pa.R.C.P. 236. If **any** of the procedural steps set forth above are not complied with, [an a]ppellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal. **See Commonwealth v. Hess**, [ ] 810 A.2d 1249, 1252 ([Pa.] 2002).

**Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223, 226-27 (Pa. Super. 2005) (emphases added). In the case *sub judice*, there was no Rule 1925(b) order on the docket. Therefore, we decline to find waiver. **See id.**

responsible for preparing and filing daughter Emily's tax return in direct violation of the express language of paragraph 18 of the parties' [PSA]?

3. Did the trial court err or abuse its discretion in ignoring the IRS definition of dependent, the conclusion of the IRS audit of [Wife's] 2012 Federal income tax return confirming Wife's claim of dependency exemptions, and the evidence that the children met the same definition of dependent in 2014 as they did in 2012?

4. Did the trial court err or abuse its discretion in ignoring the Internal Revenue Code section which requires an individual who qualifies as a dependent of another person to not claim him or herself as a personal exemption as the exemption belongs to the person on whom the individual is dependent?  26 U.S.C. § 151.

Wife's Brief at 4-5.  We address Wife's issues together because they are interrelated.[8]

---

[8]  In issue three, Wife refers to correspondence from the IRS which stated, in pertinent part, as follows:

> Thank you for your correspondence received dated March 20, 2014.  We have evaluated all the submitted information and have concluded that you and all three dependents are related.  According to the court decree, starting in the tax year 2007, [Wife] is allowed to claim both dependents namely Emily [ ] and Ann[ ] and [Husband] is allowed to claim one dependent namely Rebecca [ ].  When there is no longer a dependency exemption available for Rebecca, then [H]usband shall be entitled to claim Ann[ ] and [W]ife shall be entitled to claim Emily.  When Ann[ ] can no longer be claimed as dependent for tax purposes, then each party shall be entitled to claim Emily in alternating years.
>
> Under these orders, [Wife] is allowed to claim both dependents Emily and Ann[ ] in 2012. . . .

Our review is governed by the following principles:

> The law in Pennsylvania with regard to property settlement agreements is well-settled. Generally, courts in this Commonwealth possess the broad authority to enforce the terms of a parties' property settlement agreement. . . .
>
> In Pennsylvania, we enforce property settlement agreements between husband and wife in accordance with the same rules applying to contract interpretation.

*Cioffi v. Cioffi*, 885 A.2d 45, 48 (Pa. Super. 2005) (citations and formatting omitted). "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary . . . ."[9] *Stamerro v. Stamerro*, 889 A.2d 1251, 1257 (Pa. Super. 2005) (quotation marks and citations omitted).

The term dependent is statutorily defined as follows:

> **(a) In general.**— For purposes of this subtitle, the term "dependent" means—
>
> **(1)** a qualifying child . . .
>
> *   *   *
>
> **(c) Qualifying child**.—For purposes of this section—
>
> **(1) In general.**—The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual—

---

R.R. at 65a.

[9] Given our scope and standard of review, the absence of a Pa.R.A.P. 1925(a) opinion is not consequential. Furthermore, we have the trial court's rationale in the August 13th order and opinion. *See* R.R. at 66a-67a.

**(A)** who bears a relationship to the taxpayer described in paragraph (2) . . .

\* \* \*

**(2) Relationship.**—For purposes of paragraph (1)(A), an individual bears a relationship to the taxpayer described in this paragraph if such individual is—

**(A)** a child of the taxpayer or a descendant of such a child . . .

**(3) Age requirements.**—

**(A) In general.**—For purposes of paragraph (1)(C), an individual meets the requirements of this paragraph if such individual is younger than the taxpayer claiming such individual as a qualifying child and—

\* \* \*

**(ii)** is a student who has not attained the age of 24 as of the close of such calendar year.

\* \* \*

**(f) Other definitions and rules.**—For purposes of this section—

\* \* \*

**(2) Student defined.**—The term "student" means an individual who during each of 5 calendar months during the calendar year in which the taxable year of the taxpayer begins—

**(A)** is a full-time student at an educational organization . . . .

26 U.S.C. § 152(a), (c), (f).

The Code provides that where a deduction is allowable to another taxpayer, a personal exemption is disallowed.

> **(2) Exemption amount disallowed in case of certain dependents.**— In the case of an individual with respect to whom **a deduction under this section is allowable to another taxpayer** for a taxable year beginning in the calendar year in which the individual's taxable year begins, the exemption amount applicable to such individual for such individual's taxable year shall be zero.

*Id.* § 151(d)(2) (emphasis added).

In **Miller v. Miller**, 744 A.2d 778 (Pa. Super. 1999), this Court addressed the legislative history of Section 152.

> In recommending the changes to § 152(e), the House Ways and Means Committee stated:
>
> > The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial parent the exemption unless that spouse waives his or her right to claim the exemption. **Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.**
>
> H.R.Rep. No. 432, 98 th Cong., 2d Sess., pt. 3, at 1498-99 (reprinted in 1984 U.S.Code Cong. & Admin. News 697, 1140). It is clear from this legislative history that the "purpose [of the amendments] was to alleviate the administrative burden which had been placed on the

- 8 -

Internal Revenue Service (I.R.S.) due to the necessity for it to become involved in making determinations as to which parent provided the larger portion of a child's support if the parties disagreed and both sought to claim the exemption." This legislative history does not suggest that the changes were made to preclude state courts from exercising their authority regarding the exemption. Instead, "this silence demonstrates Congress' surpassing indifference to how the exemption is allocated so long as the IRS doesn't have to do the allocating."

*Id.* at 784-85 (citations omitted and emphasis added).

In the case *sub judice*, the trial court opined:

[Wife and Husband] entered into a PSA in September 2007. The PSA allows the parties to share the IRS dependency exemption ("exemption") for their three daughters. . . .

\* \* \*

[Wife] argues that she has the right to claim an exemption for two daughters, Ann and Emily, on her 2014 Tax Return. [Husband] did not object to this claim to the extent that the exemptions remain "available" in 2014.

The evidence presented to the [c]ourt shows that Emily, a 21 year old in 2014, **claimed herself as a dependent** in her 2014 Tax Return. As a result, her exemption became **unavailable** for use by the parties.

\* \* \*

. . . **The simple fact is that Emily, acting upon her own right to claim herself as a dependent on her tax returns has made her exemption unavailable to her parents** . . . . Consequently, . . . Husband is not in breach of the PSA and deny Wife's request for relief.

R.R. at 66a-67a (citations omitted and some emphases added).

We find that the trial court erred in finding that Emily claimed herself as a dependent. **See id.** On the contrary, she claimed a personal exemption. **See id.** at 51a. Emily qualified as a dependent child. **See** 26 U.S.C. § 152(a), (c), (f). As a dependent child, Emily was not permitted to claim a personal exemption. **See id.** § 151(d)(2). It is undisputed that Husband prepared Emily's tax return and "checked off the box that no one was claiming her as a dependent," in derogation of the PSA. **See** R.R. at 53a.

Pursuant to the PSA, Wife was entitled to claim Emily as a dependent for the income tax dependency exemption. **See Cioffi**, 885 A.2d at 48; R.R. at 36a-37a. We find the trial court erred in finding that "Emily, acting upon her own right to claim herself as a dependent on her tax returns has made her exemption unavailable to her parents." **See** R.R. at 67a; 26 U.S.C. § 151(d)(2); 26 U.S.C. § 152(a), (c), (f). It is beyond cavil that husband prepared Emily's tax return erroneously. **See** 26 U.S.C. § 151(d)(2). Therefore, we reverse and remand to the trial court to enter an order consistent with this memorandum. **See Miller**, 744 A.2d at 784-85.

Order reversed. Case remanded. Jurisdiction relinquished.

J.S23044/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016