J-S55035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES LEE MOODY, | |
| Appellant | No. 2202 EDA 2015 |

Appeal from the Judgment of Sentence March 16, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007262-2013

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 18, 2016**

James Lee Moody ("Appellant") appeals, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Montgomery County, which, following a bench trial, convicted Appellant of theft-related offenses relating to his employment as a consultant/bookkeeper for a church. Sentenced to serve an aggregate sentence of six to twenty-seven years' incarceration and pay over $150,000 in restitution, Appellant challenges various evidentiary rulings, the sufficiency of the evidence, and the constitutional adequacy of counsel's assistance. We affirm.

The trial court provides an apt summary of the factual and procedural history of the case as follows:

> Victory Christian Fellowship ("VCF" or "the church"), located in Audubon, Montgomery County, retained defendant in 2010 as a consultant to provide bookkeeping duties. (N.T. 10/8/14 at pp. 22-23). His negotiated income was $18 per hour for an

*Former Justice specially assigned to the Superior Court.

anticipated annual income of $32,832. *Id.* at 24-25, 79. Unlike salaried VCF employees who received their pay through direct deposit, defendant received payment for his consulting services by check after submitting an invoice. *Id.* at 40.

At some point after his hiring, VCF became aware that defendant had a prior conviction arising from his employment with the Special Olympics. *Id.* at 40. Defendant did not disclose the prior conviction to VCF officials during the hiring process. Id. VCF did not terminate him at that time, wanting to give him a chance. *Id.* at 40-41.

Defendant's supervisor, Pastor Dan Cross, left his position in the summer of 2011 and no replacement was hired, leaving defendant essentially without direct supervision. *Id.* at 32. Defendant subsequently began acting as VCF's business administrator, managing its financial transactions, but he received no additional income. *Id.* at 35-36, 43. Although the VCF board discussed an increase in his pay, it was not approved because of church finances. *Id.* at 36, 96. Defendant, however, received a $1,000.00 bonus from VCF in recognition of his increased responsibilities. *Id.* at 65.

First Niagara Bank in Audubon eventually contacted VCF's senior pastor about the church's finances. *Id.* at 72. VCF officials learned of a number of insufficient fund fees. Id. A subsequent review of VCF's finances revealed that defendant had added himself without authorization to the church's payroll and was receiving income via direct deposit. *Id.* at 37-38, 87-88, 95; Exh. C-6. This income was in addition to the payments he was receiving by check after submitting invoices for his services. *Id.* at 38. VCF also learned that defendant had added himself, without authorization, to its health insurance plan. *Id.* at 97.

VCF officials decided to terminate defendant's services. He received a severance payment because the church wanted to part quickly with him and did not want to tip off defendant that it suspected wrongdoing on his part. *Id.* at 106. Police learned during a subsequent investigation that defendant had given VCF the social security number of a Delaware man and the driver's license number of a Montgomery County man when the church had requested his identifying information to conduct a background check. *Id.* at 135-137.

The matter proceeded to a trial by judge. The Commonwealth withdrew approximately 100 charges and proceeded with two counts of dealing in the proceeds of unlawful activity, one count of theft by unlawful taking, one count of receiving stolen property, two counts of securing execution of documents by deception, one count of theft by deception and two counts of identity theft. [The trial court] found defendant guilty of those counts.

Defendant subsequently fired his attorney and announced his desire to represent himself. After a hearing on February 6, 2015, [the trial] court permitted defendant to represent himself with appointed stand-by counsel.

[The trial] court sentenced defendant on March 16, 2015, to consecutive terms of imprisonment of two to ten years on count 1, two to seven years on count 109, one to five years on count 110 and one to five years on count 111. Restitution also was ordered in the amount of $156,041.75. (N.T., Sentencing, 3/16/15 at 39-41).

Defendant filed a post-sentence motion on March 25, 2015, which this court denied in an Order dated June 12, 2015. He filed a notice of appeal, which prompted [the trial] court to issue an Order dated July 22, 2015, granting defendant 21 days in which to file and serve on the undersigned a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). [The trial] court later granted defendant an extension until September 15, 2015, to produce a concise statement.

The Pennsylvania Superior Court subsequently directed [the trial] court to conduct a *Grazier* hearing regarding defendant's choice to represent himself on appeal. [The trial] court originally scheduled that hearing for September 30, 2015.

In the interim, defendant's concise statement was docketed on September 16, 2015. The certificate of service included with the concise statement indicates defendant mailed it only to the Montgomery County Clerk of Courts. The [trial court judge] has no record of being served with a copy of the concise statement, despite having ordered defendant to do so.

- 3 -

At the ***Grazier*** hearing ultimately held on October 6, 2015, [the trial] court advised defendant of the error he committed by not serving the undersigned with a copy of his concise statement. (N.T., ***Grazier*** Hrg., 10/6/15, at 3-4). [The trial] court did so to highlight for defendant the potential pitfalls of representing one's self. *Id.* at 5-6. Defendant, nevertheless, reiterated his desire to proceed pro se and, after a thorough colloquy, [the trial] court found defendant made a knowing, voluntary and intelligent decision to represent himself on appeal. *Id.* at 12.

\*\*\*

Defendant filed an 18-page statement of issues that appears to assert discovery violations and misconduct by the Commonwealth, trial court errors, ineffective assistance of trial counsel, challenges to the weight and sufficiency of the evidence and challenges to his sentence. Each area of contention contains numerous subparagraphs. [The trial court expressed its difficulties in discerning the discrete issues from Defendant/Appellant's Rule 1925(b) statement, but it identified 11 issues and addressed each one in its Rule 1925(a) opinion.].

Trial Court's Pa.R.A.P. 1925(a) Opinion, filed October 20, 2015, at 1-5.

In his *pro se* Appellate brief, Appellant presents the following questions

for our review:

1. Was Appellant falsely convicted of criminal charges for a civil matter in accordance with Pennsylvania Civil Law—Contracts?

2. Were Appellant[']s rights under Pa.R.Crim.P. § 704 violated when the trial court denied him the opportunity to present information/evidence at sentencing?

3. Why did the trial court allow Commonwealth's evidence that was a contradiction to the material facts of parol evidence (implied-in-fact and express contracts), as well as relied on their evidence to support the verdict?

4. Is the premeditated, deliberate, deplorable and misrepresentation by Appellant's former counsel during pre-trial aspect of his case cognizable under the PCRA statue [sic]—way before a determination of his innocence? Could this be classified as Collateral Consequence?

- 4 -

5. Were Appellant's rights under the Sixth Amendment violated? Did the Appellant's claim of ineffective assistance meet all of the prongs under **Strickland** and **Pierce**?

6. Why did the trial court condone the prosecutorial misconduct, extraneous influence, former counsel legal malpractice—after receiving documented evidence that contradicted the guilty verdict? Also why didn't the trial court conduct an evidentiary hearing on these said matters, as well as conduct a hearing for after-discovered evidence?

Appellant's brief at 5.

Initially, we address the trial court's position that Appellant has waived his issues for appellate review by failing to serve the trial court with a copy of the concise statement despite having been ordered to do so. Rule 1925 generally requires that a court-ordered statement must be filed in the trial court *and served* on the trial judge. *See* Pa.R.A.P.1925(b), (b)(2); **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 228–29 (Pa.Super. 2005). The failure to serve the trial judge may warrant waiver. **See Forest Highlands**, 879 A.2d at 228–29. However,

there are caveats to a finding of waiver. First, the trial court must issue a Rule 1925(b) order directing an [a]ppellant to file a response [in a timely manner]. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. If any of the procedural steps set forth above are not complied with, [an a]ppellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal.

*Id.* at 227 (citation omitted); *see also Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa.Super. 2007)).

Here, the order directed Appellant to serve a copy of the concise statement upon the trial judge, the order was filed with the clerk of courts, the clerk of courts docketed the order and provided the date on which the order was made, and the order indicates that written notice of the order was given to each party. However, the docket does not contain an entry, mandated by Pa.R.Crim.P. 114, recording the giving of such notice to the parties. Accordingly, we decline to find Appellant's issues raised in this appeal waived based on a failure to serve his Pa.R.A.P. 1925(b) statement on the trial court. *See Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa.Super. 2007) (deeming Rule 1925 waiver unavailable where fourth requirement, docket indication of date and manner of service of order, was unmet).

Turning, therefore, to the merits of the present appeal, we are persuaded by our review of the record, party briefs, and the cogent expression of rationale in the Rule 1925(a) opinion to affirm judgment of sentence entered below for the reasons offered by the trial court. In this regard, we recognize the court's careful distillation of Appellant's protracted Rule 1925(b) statement into clearly identifiable issues which fairly represent Appellant's questions raised in both his concise statement and, ultimately, his *pro se* brief. The opinion correctly disposes of a majority of the issues by application of waiver doctrine for Appellant's failure to offer timely and

specific objections before the trial court. So, too, does the record support the remaining instances where the trial court rejects claims as either belied by the record or contradicted by authority, and the court appropriately declines to review Appellant's ineffective assistance of counsel claims on direct appeal. Accordingly, discerning no merit to any issue raised in the present appeal, we affirm on the basis of the trial court's opinion.

Judgment of sentence is affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

     v.

JAMES LEE MOODY

    :
    :
    :
    :
    :
    :
    :

NO. 7262-13

## O P I N I O N

**SILOW, J.**                                        **OCTOBER 20, 2015**

James Lee Moody ("defendant") appeals from the judgment of sentence imposed after he was found guilty at a trial by judge of theft-related offenses. For the reasons set forth below, the judgment of sentence should be affirmed.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Victory Christian Fellowship ("VCF" or "the church"), located in Audubon, Montgomery County, retained defendant in 2010 as a consultant to provide bookkeeping duties. (N.T. 10/8/14, pp. 22-23) His negotiated income was $18 per hour for an anticipated annual income of $32,832. *Id.* at 24-25, 79. Unlike salaried VCF employees who received their pay through direct deposit, defendant received payment for his consulting services by check after submitting an invoice. *Id.* at 26-28.

At some point after his hiring, VCF became aware that defendant had a prior conviction arising from his employment with the Special Olympics. *Id.* at 40. Defendant did not disclose the prior conviction to VCF officials during the hiring process. *Id.* VCF did not terminate him at that time, wanting to give him a chance. *Id.* at 40-41.

Defendant's supervisor, Pastor Dan Cross, left his position in the summer of 2011 and no replacement was hired, leaving defendant essentially without direct supervision. *Id.* at 32. Defendant subsequently began acting as VCF's business administrator, managing its financial transactions, but he received no additional income. *Id.* at 35-36, 43. Although the VCF board discussed an increase in his pay, it was not approved because of church finances. *Id.* at 36, 96. Defendant, however, received a $1,000.00 bonus from VCF in recognition of his increased responsibilities. *Id.* at 65.

First Niagara Bank in Audubon eventually contacted VCF's senior pastor about the church's finances. *Id.* at 72. VCF officials learned of a number of insufficient fund fees. *Id.* A subsequent review of VCF's finances revealed that defendant had added himself without authorization to the church's payroll and was receiving income via direct deposit. *Id.* at 37-38, 87-88, 95; Exh. C-6. This income was in addition to the payments he was receiving by check after submitting invoices for his services. *Id.* at 38. VCF also learned that defendant had added himself, without authorization, to its health insurance plan. *Id.* at 97.

VCF officials decided to terminate defendant's services. He received a severance payment because the church wanted to part quickly with him and did not want to tip off defendant that it suspected wrongdoing on his part. *Id.* at 106. Police learned during a subsequent investigation that defendant had given VCF the social security number of a Delaware man and the driver's license number of a Montgomery County man when the church had requested his identifying information to conduct a background check. *Id.* at 135-137.

2

The matter proceeded to a trial by judge. The Commonwealth withdrew approximately 100 charges and proceeded with two counts of dealing in the proceeds of unlawful activity,[1] one count of theft by unlawful taking,[2] one count of receiving stolen property,[3] two counts of securing execution of documents by deception,[4] one count of theft by deception[5] and two counts of identity theft.[6] This court found defendant guilty of those counts.

Defendant subsequently fired his attorney and announced his desire to represent himself. After a hearing on February 6, 2015, this court permitted defendant to represent himself with appointed stand-by counsel.

This court sentenced defendant on March 16, 2015, to consecutive terms of imprisonment of two to ten years on count 1, two to seven years on count 109, one to five years on count 110 and one to five years on count 111. Restitution also was ordered in the amount of $156,041.75. (N.T., Sentencing, 3/16/15, pp. 39-41)

Defendant filed a post-sentence motion on March 25, 2015,[7] which this court denied in an Order dated June 12, 2015.[8] He filed a notice of appeal,[9] which

---

[1] Counts 1 and 2, graded as felonies of the first degree.

[2] Count 5, graded as a felony of the third degree.

[3] Count 55, graded as a felony of the third degree.

[4] Counts 107-108, graded as misdemeanors of the second degree.

[5] Count 109, graded as a felony of the third degree.

[6] Counts 110 and 111, graded as misdemeanors of the first degree.

[7] The motion is dated March 18, 2015.

prompted this court to issue an Order dated July 22, 2015, granting defendant 21 days in which to file and serve on the undersigned a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). This court later granted defendant an extension until September 15, 2015, to produce a concise statement.

The Pennsylvania Superior Court subsequently directed this court to conduct a *Grazier* hearing regarding defendant's choice to represent himself on appeal. This court originally scheduled that hearing for September 30, 2015.

In the interim, defendant's concise statement was docketed on September 16, 2015.[10] The certificate of service included with the concise statement indicates defendant mailed it only to the Montgomery County Clerk of Courts. The undersigned has no record of being served with a copy of the concise statement, despite having ordered defendant to do so.[11]

---

[8] After filing the initial post-sentence motion, defendant filed a series of additional motions. Defendant, however, neither requested nor received authorization to file supplemental post-sentence motions. *See* Pa. R.Crim.P. 720 (b)(1)(b).

[9] The notice of appeal was docketed July 16, 2015, however the envelope docketed along with it bears the post-mark July 1, 2015.

[10] The envelope attached to the concise statement bears the post-mark September 11, 2015.

[11] As such, defendant's appeal should be quashed. *See* Pa.R.A.P. 1925(b) (stating that failure to file and serve concise statement results in waiver of issues on appeal); *see also Commonwealth v. Fletcher*, 986 A.2d 759, 778 (Pa. 2009) (*pro se* defendant cannot raise his own ineffectiveness as a basis for relief). This court, nevertheless, will address the issues contained in the concise statement in the event the appeal is permitted to proceed.

4

6. Whether this court erred by condoning prosecutorial misconduct during closing arguments?

7. Whether this court erred by allowing *ex parte* communications between the prosecutor and purported defense witnesses?

8. Whether trial counsel rendered ineffective assistance?

9. Whether the evidence was insufficient to support all the charges?

10. Whether this court erred by not allowing defendant to offer defense evidence at the sentencing hearing?

11. Whether the sentence imposed constituted cruel and unusual punishment, was illegal and resulted from an abuse of discretion?

## III. DISCUSSION

### 1. The Commonwealth did not withhold mandatory discovery.

Defendant contends the Commonwealth withheld mandatory discovery requested pre-trial by his counsel. This unpreserved claim fails.

Pennsylvania Rule of Criminal Procedure 573, relating to pre-trial discovery, states, relevantly:

> (A) Informal. Before any disclosure or discovery can be sought under these rules by either party, counsel for the parties shall make a good faith effort to resolve all questions of discovery, and to provide information required or requested under these rules as to which there is no dispute. When there are items requested by one party which the other party has refused to disclose, the demanding party may make appropriate motion. Such motion shall be made within 14 days after arraignment, unless the time for filing is extended by the court. In such motion the party must set forth the fact that a good faith effort to discuss the requested material has taken place and proved unsuccessful. Nothing in this provision shall delay the disclosure of any items agreed upon by the parties pending resolution of any motion for discovery.
>
> (B) Disclosure by the Commonwealth.

(1) Mandatory. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

(c) the defendant's prior criminal record;

(d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

(e) any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and

(g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

(2) Discretionary With the Court.

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the

7

defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses;

(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

(iii) all written and recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not; and

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa. R.Crim.P. 573 (A), (B)(1)-(2)(a). "[W]here the evidence is equally accessible or inaccessible to both the Commonwealth and the defense, the defense cannot use the discovery rules against the Commonwealth for its failure to produce the evidence." *Commonwealth v. Dent*, 837 A.2d 571, 585 (Pa. Super. 2003).

Here, trial counsel did not raise the issue of an alleged discovery violation either before or during trial. As such, this issue is waived on direct appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In addition, the five categories of documents defendant references in paragraph A (a)-(e) of his concise statement would have been equally accessible to him. *Concise Statement*, 9/16/15, unnumbered page 1. As such, he cannot demonstrate that the Commonwealth withheld evidence from him.

8

**2. This court did not decline a request to compel the enforcement of subpoenas for favorable defense witnesses.**

Defendant next claims this court erred by not compelling the enforcement of subpoenas for favorable defense witness. This claim lacks merit.

The docket in this case contains no indication that this court was asked to compel the enforcement of any witness subpoenas. The only reference to a subpoena during the trial occurred during the cross-examination of James Edward Crenshaw:

> MR. FOGLE: Your Honor, a lot of this goes to Pastor Cross's location out in Oklahoma. He was subpoenaed, but he has counsel. He couldn't be here and is unavailable in the colloquial sense of the word. I didn't hold him to that subpoena just because of practicalities....

(N.T. Trial, 10/8/14, p. 56)

The record is barren of any evidence that this court declined a request to enforce a witness subpoena. As such, defendant's claim must fail. *See* Pa. R.A.P. 302(a), *supra.*

**3. This court did not permit the Commonwealth to withhold exculpatory material until the day of trial.**

Defendant claims this court permitted the Commonwealth to withhold exculpatory discovery materials until the day of trial. He makes the related assertion that this court erred by not granting a continuance to allow exculpatory evidence to be obtained. Neither claim warrants relief.

As discussed *supra*, Pennsylvania Rule of Criminal Procedure 573 sets forth the Commonwealth's discovery obligations. The only suggestion during trial that certain discovery materials allegedly had not presented to the defense occurred at the conclusion of the direct examination of Detective Sergeant Terrence Kennedy:

9

[MR. LATZER:]     I would move for the introduction of that document [C-10] and any other exhibits I have not addressed up through C-10.

THE COURT:     Any objection?

MR. FOGLE:     Well, I would like a copy of any exhibit that is admitted.  But other than that, no.

MR. LATZER:     Okay.  Fair enough.

THE COURT:     Did you receive this during discovery?

MR. FOGLE:     I did not see all of the police report in full, no.

MR. LATZER:     I should add that - -

MR. FOGLE:     I assumed that it was work product, to be honest.  But that was - -

THE COURT:     Well, for whatever reason, you didn't file a motion to compel or anything like that, did you?

MR. FOGLE:     No, Your Honor.

THE COURT:     Okay.  All right.  They're admitted.

(N.T., Trial, 10/8/14, pp. 142-143)

Trial counsel did not assert that exculpatory evidence had been withheld by the Commonwealth.  He made a general statement about wanting copies of the Commonwealth exhibits and made a vague reference to a police report.  Moreover, defendant never requested a continuance to allow for the discovery of allegedly unavailable exculpatory evidence.  As such, defendant's undeveloped and unpreserved claim about alleged exculpatory evidence must fail.  See Pa. R.A.P. 302(a), supra.

10

4.  **Defendant did not preserve a challenge to the admission of bad acts evidence.**

Defendant contends this court erred in admitting evidence of his prior bad acts. The claim does not warrant relief.

The Commonwealth filed a motion *in limine* to admit evidence that defendant had pleaded *nolo contendere* and was sentenced in 2001 to theft-related offenses arising from his prior employment with the Special Olympics. Trial counsel did not object to the admission of the certified copy of conviction. (N.T., Trial, 10/8/14, p. 145). Moreover, trial counsel first broached the issue of the plea during his cross-examination of Commonwealth witness James Edward Crenshaw. (N.T. 10/8/14, p. 40) As such, the claim is waived on appeal. See Pa. R.A.P. 302, *supra*. In any event, the ample evidence produced by the Commonwealth demonstrated defendant's guilt, even had the prosecution not offered without objection a certified copy of defendant's *nolo contendere* plea. *See, e.g., Commonwealth v. Kearney*, 92 A.3d 51 (Pa. Super. 2014) (quoting *Commonwealth v. Fears*, 836 A.2d 52, 71 n. 19 (2003) (trial courts are presumed to be able to disregard objectionable material)).

5.  **This court did not err by not allowing defendant to offer into evidence parol documents as part of his defense and to refute the charges of theft.**

Defendant claims this court erred by not allowing him to enter into evidence parol documents as part of his defense. The record does not support this claim.

It is well-established that the admission of evidence generally:

> is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial

11

> court must weigh the relevant and probative value of the
> evidence against the prejudicial impact of the evidence.
> Evidence is relevant if it logically tends to establish a material
> fact in the case or tends to support a reasonable inference
> regarding a material fact.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 726 (Pa. Super. 2015) (citation omitted).

Pennsylvania Rule of Evidence 901, entitled "Authenticating or Identifying Evidence,"

states that "[t]o satisfy the requirement of authenticating or identifying an item of

evidence, the proponent must produce evidence sufficient to support a finding that the

item is what the proponent claims it is." Pa. R.Evid. 901(a).

Defendant attempted during the cross-examination of Commonwealth witness

James Edward Crenshaw to admit a hard copy of an email to the witness with a

separate attachment purported to be a chart showing defendant's updated income.

(N.T., *Trial*, 10/8/14, p.45) Crenshaw testified that he recognized the email but not

the attachment. *Id.* at 46-47. Indeed, the witness stated he had never seen the

attachment before. The Commonwealth objected, arguing no foundation had been

established for the attachment. *Id.* at 47-48. This court gave defendant an

opportunity to lay a proper foundation and counsel chose to move on from that

inquiry. *Id.* at 49. Trial counsel then questioned Crenshaw about the separation

agreement between defendant and VCF. The Commonwealth again objected on the

ground of lack of foundation and this court gave trial counsel the opportunity to lay a

foundation. *Id.* at 50-51. He turned to a separate issue.

As amply depicted in the record, a proper foundation was not established for the

documentary evidence defendant attempted to admit at trial. As such, this court

properly sustained the Commonwealth's objections.

## 6. This court did not condone prosecutorial misconduct during closing arguments.

Defendant accuses this court of condoning prosecutorial misconduct when the attorney for the Commonwealth, during closing arguments, referenced defendant's bank accounts, statements of which had been admitted as Exhibit C-10, and characterized him as living a lavish lifestyle. The argument did not raise an objection from trial counsel. As such the claim is waived. *See* Pa. R.A.P. 302(a), *supra.* In any event, the challenged comments did not deprive defendant of a fair trial.

Our Supreme Court has stated that "[c]omments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Tedford*, 960 A.2d 1, 32 (Pa. 2008) (citations omitted). A prosecutor's statements are not objectionable when "based on the evidence, or proper inferences therefrom, or represent mere oratorical flair." *Tedford*, 960 A.2d at 33. Thus, "as long as a prosecutor does not assert his personal opinions, he or she may, within reasonable limits, comment on the credibility of a Commonwealth witness." *Tedford*, 960 A.2d at 31-32 (citations omitted).

Here, the prosecutor's statements were based proper inferences from the record evidence. Moreover, this matter proceeded to a bench trial and this court was not rendered unable to return an objective verdict based on the prosecutor's comments. *See, e.g., Kearney, supra* (trial courts are presumed to be able to disregard objectionable material).

13

7.   **This court did not allow *ex parte* communications between the prosecutor and purported defense witnesses.**

Defendant asserts that this court allowed the Commonwealth to engage in communications with certain purported fact witnesses outside the presence of his trial counsel. He appears to suggest, however, that trial counsel was aware of the alleged communications, but that the prosecutor somehow influenced trial counsel not to alert the court to them. Indeed, no mention was made to this court prior to or during trial of any alleged improper communications. Additionally, as discussed *supra*, this court never received a defense request to enforce a witness subpoena. The claim, therefore, has not been preserved for appeal. *See* Pa. R.A.P. 302(a). Moreover, the alleged communications do not constitute after-discovered evidence because defendant has intimated that he and trial counsel knew of them prior to trial. *See, e.g., Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (stating that a defendant seeking a new trial on the basis of after-discovered evidence must prove, *inter alia*, that the evidence could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence). As such, defendant is not entitled to relief on this claim.

8.   **Defendant's claims of trial counsel ineffectiveness are not ripe.**

Defendant raises a host of claims of trial counsel ineffectiveness. Those claims, however, are not ripe for review on direct appeal. *See, e.g., Commonwealth v. Britt*, 83 A.3d 198, 203-204 (Pa. Super. 2013) (stating that direct appeal consideration of ineffectiveness claims generally must await collateral review).

14

## 9. Defendant has waived a challenge to the sufficiency of the evidence.

Defendant asserts in his concise statement that "the evidence was insufficient as a matter of law to establish his guilty beyond a reasonable doubt because there was no transaction to promote any illegal activity." *Concise Statement*, unnumbered page 14. He also claims "he did not conceal and/or disguise any of his payments from [the church]...." *Id.* He does not identify, however, which elements of the various offenses were not supported by sufficient evidence.

In *Commonwealth v. Garland*, 63 A.3d 339 (Pa. Super. 2013), the defendant produced a concise statement asserting that "[t]he evidence was legally insufficient to support the convictions." *Id.* at 344. The Superior Court held that such a generic statement ran afoul of the requirement that a concise statement must assert with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. *Id.* (citing *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). The Superior Court further explained that "[s]uch specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.*

Here, as in *Garland*, defendant was convicted of "multiple crimes each of which contains numerous elements." *Id.* Defendant also has not specified the elements he is challenging on appeal. He has included with his sufficiency claim a recitation of his version of certain events, but this court should not have to guess at which elements of each offense defendant is challenging. Therefore, as in *Garland*, defendant should be found to have waived a challenge to the sufficiency of the evidence.

15

In any event, even had defendant preserved a challenge to the sufficiency of the evidence, no relief would be due. When reviewing a challenge to the sufficiency of the evidence, the Superior Court:

> evaluate[s] the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Taylor*, 33 A.3d 1283, 1287-1288 (Pa. Super. 2011) (quoting *Commonwealth v. Yasipour*, 957 A.2d 734, 745 (Pa. Super. 2008) (internal quotations marks and citations omitted).

As detailed in the factual background section of this opinion, the credible evidence presented by the Commonwealth amply demonstrated defendant's guilt beyond a reasonable doubt. Using his financial position with VCF, he gave himself an undisclosed and unauthorized pay increase by manipulating the church's direct deposit process for his own gain. He also used the personal identifying information of two separate individuals when he applied for a consulting position with VCF. His challenge to the sufficiency of the evidence, therefore, fails.[12]

---

[12] Defendant also makes a fleeting reference in his concise statement to the weight of the evidence. To the extent a challenge to the weight of the evidence also has not been waived for lack of elaboration in the concise statement, it fails in light of the ample, credible evidence presented by the Commonwealth at trial.

16

10. **This court did not err by not allowing defendant to offer defense evidence at the sentencing hearing?**

Defendant claims this court erred when it declined to allow him to offer defense evidence at the sentencing hearing. No error occurred.

The admission of evidence generally:

> is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 726 (Pa. Super. 2015) (citation omitted).

At the sentencing hearing, defendant, proceeding *pro se*, attempted to present evidence related to the guilt phase of the case. The Commonwealth objected and this court sustained the objection. This court informed defendant that his guilt already had been determined, that subsequent avenues existed for him to challenge his convictions and the could present evidence relevant to the matter of sentencing. This court committed no abuse of discretion in limiting the evidence at the sentencing hearing to the issue of sentencing.

11. **This court imposed an appropriate sentence.**

Defendant claims this court imposed a sentence that was cruel and unusual, illegal and constituted an abuse of discretion. He received a lawful, appropriate sentence.

The Pennsylvania Superior Court employs a well-established standard of review when a defendant raises a challenge to the discretionary aspects of his sentence:

17

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Where, as here, the sentencing court had the benefit of a presentence investigation report, it is assumed to have been "aware of relevant information regarding the defendant's character and [to have] weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). The court also has the discretion to impose sentences consecutively. *See* 42 Pa. C.S § 9721.

Defendant was sentenced on one count of dealing in the proceeds of unlawful activity, one count of theft by unlawful taking and two counts of identity theft. He received statutorily permissible sentences for each offense. *See* 18 Pa. C.S. §§ 1103, 1104. This court had the benefit of a pre-sentence investigation report and placed ample reasons on the record for the sentences imposed. As such, defendant's challenge to his sentence must fail.

18

## IV.  CONCLUSION

Based upon the foregoing, it is respectfully submitted that the judgment of
sentence should be affirmed.

BY THE COURT:

_____
GARY S. SILOW                    J.

Sent on _10/20/15_ to the following:
Clerk of Courts (Original)
District Attorney's Office, Appeals Division
James Lee Moody, *pro se*

_____
Judicial Secretary

19