J-A17014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LINDA BONNIE SCRIPNICENCU | : | |
| | : | |
| Appellant | : | No. 3039 EDA 2016 |

Appeal from the Judgment August 18, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2014-04415

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 06, 2017**

Appellant, Linda Bonnie Scripnicencu, appeals from the summary judgment entered in the Bucks County Court of Common Pleas, in favor of Appellee, Federal National Mortgage Association ("FNMA"), in this mortgage foreclosure action.  On March 10, 2005, George Scripnicencu (Appellant's husband) executed and delivered a promissory note to Buyers Home Mortgage, Inc., in consideration for a loan in the amount of $228,000.00, plus interest.  That day, Appellant and her husband executed and delivered a mortgage to Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Buyers Homes Mortgage, for residential property located in Huntingdon Valley, Pennsylvania.  MERS assigned the mortgage to Suntrust Mortgage, Inc., who later assigned the mortgage to FNMA.  Appellant's

_____

*Retired Senior Judge assigned to the Superior Court.

husband died on April 15, 2014.

On June 25, 2014, FNMA filed a mortgage foreclosure complaint against Appellant. Appellant filed preliminary objections on September 8, 2014; FNMA responded on December 4, 2014. On April 10, 2015, the court overruled Appellant's preliminary objections. Appellant filed an answer and new matter on May 4, 2015. FNMA replied on May 15, 2015. On April 5, 2016, FNMA filed a motion for summary judgment. Appellant filed a response on May 8, 2016. On August 18, 2016, the court granted summary judgment in favor of FNMA, in the amount of $244,522.38, plus interest, and for foreclosure of the mortgaged premises. Appellant timely filed a notice of appeal on September 16, 2016. On October 7, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days, per Pa.R.A.P. 1925(b). Although the court's order was docketed as entered on October 7, 2016, the same docket makes clear that notice of the court's order, pursuant to Pa.R.C.P. 236, was not sent to Appellant until October 12, 2016. On November 2, 2016, Appellant timely filed her concise statement.

Preliminarily, we observe appellants must timely comply whenever the trial court orders them to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases:

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply

with the minimal requirement of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and quotation marks omitted) (emphasis in original). In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors within twenty-one days of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. ***See*** Pa.R.A.P. 1925(b); ***Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223 (Pa.Super. 2005). ***See also*** Pa.R.A.P. 108(a), (b) (explaining date of entry of order shall be date on which clerk mails or delivers copies of order to parties, consistent with Rule 236).

Instantly, Appellant timely filed a notice of appeal on September 16, 2016. On October 7, 2016, the court ordered Appellant to file a Rule 1925(b) concise statement of errors, within twenty-one days. Appellant filed her concise statement on November 2, 2016, raising four issues. In its Rule 1925(a) opinion, the trial court declined to reach Appellant's issues, deciding they were waived for failure to file her concise statement by October 28,

2016. Although the court's order was docketed as entered on October 7, 2016, the same docket makes clear Rule 236 notice of the court's order was not sent to Appellant until October 12, 2016. Thus, Appellant's Rule 1925(b) statement was due by November 2, 2016, the date she timely filed her statement. *See* Pa.R.A.P. 108; Pa.R.A.P. 1925(b); *Forest Highlands, supra*. Accordingly, we remand the case for the trial court to issue a supplemental opinion addressing all properly preserved issues raised in Appellant's Rule 1925(b) statement.[1] The court shall have thirty (30) days from the date of remand to file its supplemental opinion. Oral argument shall proceed as scheduled on June 27, 2017, unless this Court is notified otherwise.

Case remanded with instructions. Panel jurisdiction is **retained**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017

---

[1] In its recitation of the facts, the trial court gave a brief explanation of why it granted summary judgment in favor of FNMA. Nevertheless, the court did not address Appellant's precise issues presented in her concise statement or provide any citations to relevant law or to the certified record.