**FOREST HIGHLANDS COMMUNITY ASSOCIATION, Appellee**

v.

**Nancy HAMMER, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 2005.

Filed June 27, 2005.

Reargument Denied Oct. 7, 2005.

Elliott J. Schuchardt, Pittsburgh, for appellant.

Louis P. Vitti, Pittsburgh, for appellee.

Before: HUDOCK, POPOVICH and JOHNSON, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Nancy Hammer appeals the order denying her petition to open and/or strike judgment entered in favor of Appellee Forest Highlands Community Association. We affirm.

¶ 2 The record discloses that Appellant owns a townhouse that is part of the Appellee Forest Highlands Community Association, a Pennsylvania non-profit corporation operating for the benefit of unit owners of the Forest Highlands development in Harmer Township, Allegheny County, Pennsylvania. Appellee was created by the recording of a Declaration of Covenants, Conditions, and Restrictions ("Declaration") in the Office of the Recorder of Deeds of Allegheny County. Per the terms of the Declaration, all unit owners were required to pay monthly maintenance fees, but Appellant failed and refused to pay said fees. As a result, on April 22, 2003, Appellee filed a lien[1] against Appellant for failing to pay assessment fees (totaling $7,258.59) incurred for services performed from September of 2001 through December of 2001.

¶ 3 Appellant filed a petition to open and/or strike judgment alleging that she did not receive notice of the delinquent assessment of fees owed to Appellee or notice of the lien. Appellant also claimed she learned of the lien through a credit report indicating that a civil judgment had been docketed against her on or about April 17, 2003. See Appellant's, "Petition to Open and/or Strike Judgment," 8/15/03, at 5, ¶ 11; Record No. 4. In response, Appellee averred Appellant "was given all required notice of the filing of the Lien through the recording of the Declaration. No additional notice [wa]s required. [...]

[Consequently, Appellee wa]s entitled to the amount of the Lien plus additional costs and attorneys' fees." See Appellee's, "Memorandum of Law," 8/14/03, at 3; Record No. 3; see also Appellee's, "Answer to Petition to Open and/or Strike Judgment," Record No. 5.

¶ 4 Thereafter, a rule to show cause why Appellant's petition should not be granted was issued, Appellant was deposed, and the case was scheduled for argument. On the date set for argument, counsel for both parties entered into a consent agreement, which was reduced to the following order of court; to-wit:

AND NOW, this 9th day of June, 2004, Rule to Show Cause is hereby discharged on the following conditions:

1. [Appellant] Nancy Hammer must deposit $10,000.00 into a joint escrow account by Friday, June 11, 2004 at 4:00 p.m.

2. Joint escrow account to be held by counsel for [Appellee] and [Appellant.]

3. If said deposit is not made by the above date, [Appellant's] petition to open/strike lien is dismissed.

4. The amount placed in escrow is not to be a limit on the amount to be awarded at arbitration.

5. The escrowed account is to secure any arbitration award.

/s/ [Trial Court Judge]

Consented to by: /s/ [Attorney for Appellee]

/s/ [Attorney for Appellant]

See Record No. 12 (Order of Court filed June 9, 2004).

¶ 5 On July 9, 2004, Appellee filed a praecipe for writ of execution with the sheriff of Allegheny County to sell Appel-

1. The lien (captioned the "Planned Community Lien") was filed pursuant to the Uniform Planned Community Act of Pennsylvania of 1996, December 19, P.L. 1336 No. 180; 68 Pa.C.S.A. § 5101 et seq.

lant's real estate to satisfy a money judgment now totaling $16,668.22. In reply, Appellant filed a "Motion to Open and/or Strike Judgment" and "Petition to Stay and Set Aside Writ of Execution" on July 14th and July 16th of 2004, respectively. The latter request was granted by order of court dated July 16, 2004, which stated that, finding no notice was given to Appellant, execution proceedings were stayed until noon on July 22, 2004. Appellant was also permitted to seek an extension to delay execution proceedings by filing a request with the motions judge on July 21, 2004. Appellant did file a petition to stay execution pending a motion for reconsideration with the motions judge on July 21, 2004. However, the petition was denied by order dated July 21, 2004, because Appellant had already appealed the subject order to the Superior Court on July 9, 2004 (the present case docketed with this Court at No. 1214 WDA 2004).

¶ 6 On July 20, 2004, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal within fourteen days, and to serve a copy upon the trial court. In response, Appellant filed the following; to-wit:

1. The lower court improperly required [Appellant] to post $10,000 security before obtaining a hearing in connection with her petition to open the lien in this case. [Appellant] did not have such funds in cash at such time. As a result, [Appellant] never obtained due process in connection with her petition to open or strike the lien.

2. The lower court improperly required [Appellant] to post $10,000 security when [Appellee] was already adequately secured by a lien on [Appellant's] prop-

erty. [Appellant] has over $100,000 of equity in such property.

3. The lower court improperly required [Appellant] to post $10,000 security within two days of the date of its June 9, 2004 order. This amount of time was unduly short and prejudicial to [Appellant],

4. The lower court improperly dismissed [Appellant's] petition to open the lien in this case without considering the evidence in the case. The evidence shows that [Appellant] has a bona fide defense to the lien.

5. The lower court improperly required [Appellant's] prior counsel [ . . . ] to sign the June 9, 2004 order when [prior counsel] did not approve of the order.

6. [Appellant] did not receive notice of the June 9, 2004 order until nearly one month after the order was entered.

7. [Appellant] did not consent to the June 9, 2004 order and [Appellant's] prior counsel [ . . . ] did not have authority to consent to such order on behalf of [Appellant].

On appeal, Appellant reduced the issues sought to be reviewed to Points 1–4, and 7 cited *supra*. *See* Appellant's brief, at 4.

■ ¶ 7 Before addressing the merits of Appellant's claims, we need to decide whether they are preserved for appellate review as required by the Pennsylvania Supreme Court in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), which held an Appellant must comply whenever the trial court orders the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925: "Any issues not raised in a 1925(b) statement will be deemed waived."[2] *Id.*, at 420, 719 A.2d at 309.

*McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 n. 2 (Pa.Super.2000).

---

**2.** Rule 1925(b) applies to both criminal and civil cases, and the principle enunciated in *Lord* is equally applicable in civil cases. *See*

■ ¶8 However, there are caveats to a finding of waiver. First, the trial court must issue a Rule 1925(b) order directing an Appellant to file a response within fourteen days of the order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. *See* Pa.R.C.P. 236. If any of the procedural steps set forth above are not complied with, Appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal. *See Commonwealth v. Hess*, 570 Pa. 610, 618, 810 A.2d 1249, 1252 (2002).

¶9 In *Hartdegen v. Berger*, 839 A.2d 1100 (Pa.Super.2003), this Court had occasion to assess whether Appellant's failure to comply with a Rule 1925(b) order was fatal to preserving the issues sought to be reviewed. We decided that Appellant's issues were preserved despite her failure to file a Rule 1925(b) statement. In the course of doing so, we made the following relevant remarks; to-wit:

> In the case *sub judice*, although the trial court states in its 1925(a) opinion that [Appellant] was "advised to file of record and serve the trial court with a 1925(b) statement," Opinion, at 1, n. 1, the trial court docket, despite the requirements of Pa.R.C.P. 236 [n.3.] does

not contain an entry of the 1925(b) order, nor does it indicate that notice was given to the attorneys of record. As a result, like the court in *Hess*, "there is no basis for us to properly conclude there existed a failure to comply with the order's directive to file a [1925(b)] statement[.]" *Commonwealth v. Hess*, 810 A.2d at 1254. Given these circumstances, where [Appellant] was not served with notice of the trial court's order directing her to file a 1925(b) statement, [Appellant] cannot be penalized for failing to file a 1925(b) statement, and we will not deem [Appellant's] issues waived for purpose of appellate review.

[n.3] Rule 236 provides in relevant part:

> (a) The prothonotary shall immediately give written notice of the entry of
>
> \*   \*   \*   \*   \*   \*
>
> (2) any other order, decree or judgment to each party's attorney of record [ . . . ]. The notice shall include a copy of the order, decree or judgment.
> (b) The prothonotary shall note in the docket the giving of the notice [ . . . ].
>
> Pa.R.C.P. 236.[3]

*Hartdegen*, 839 A.2d at 1104, n. 3 (emphasis added).

■ ¶10 Herein, the trial court issued an order specifying that a Rule 1925(b) statement be filed within fourteen days and that service of a copy of the same upon the presiding judge per the Rules of Appellate Procedure.[4] From our review of

---

**3.** It is to be noted that the 2004 version of Rule 236 deletes reference to the prothonotary having to give written notice after the entry of a "decree."

**4.** The order reads, as herein relevant:
AND NOW, this 20th day of July 2004, [Appellant], having appealed to the Superior Court [ . . . ], is hereby ORDERED to file,

within fourteen (14) days, a concise, written statement of the matters complained of on appeal, and to serve a copy of the same upon this Court pursuant to Rule 1925(b) of the Rules of Appellate Procedure.
BY THE COURT:
/s/[*Trial Court Judge* ]
*See* Record No. 20.

the "Docket Report" prepared by the Allegheny County prothonotary, there is no recordation of when and/or if Appellant or her attorney were provided a copy of the Rule 1925(b) order directing that a response be filed with the prothonotary within fourteen days of issuance. This procedural deficiency dispenses with Appellant's failure to file timely her Rule 1925(b) statement.[5] However, our inquiry is not at an end. We need to decide whether Appellant "served" the trial court with a copy of her Rule 1925(b) statement, which is the second prong of the filing/service requirement to preserve issues per *Lord, supra.*

> Rule 1925 is not satisfied when an [A]ppellant merely mails his Rule 1925(b) statement to the presiding judge. Rather, *Rule 1925(b) requires [A]ppellants to "file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal [ . . .].*" Pa.R.A.P. 1925(b).

*Commonwealth v. Butler,* 571 Pa. 441, 445, 812 A.2d 631, 633 (2002) (emphasis added).

¶ 11 At bar, the trial court issued a "Statement in Lieu of Opinion," which reads:

> AND NOW, to[-]wit, this 28th day of September 2004, this Court hereby issues the following Statement in Lieu of

Opinion: On July 20, 2004, this Court ordered [Appellant] to file a Rule 1925(b) Statement of Matters Complained of on Appeal within fourteen (14) days and to serve a copy of the same upon this Court pursuant to Rule 1925(b) of the Rules of Appellate Procedure.

To date, this Court has never been served with a copy of a Rule 1925(b) Statement of Matters Complained of on Appeal pursuant to the July 20, 2004 Order; accordingly, [Appellant] has failed to comply as ordered by this Court.

*See* Record No. 31. In response to the claimed failure to serve the trial court with a copy of a Rule 1925(b) statement, Appellant states, in relevant part:

> On September 28, 2004, [the trial court] issued a Statement in Lieu of Opinion in this case. [The trial court] refused to enter an opinion because [Appellant] allegedly had not served a copy of her Statement of Matters Complained of on Appeal upon [the trial court].

> In reality, [Appellant] did serve the [trial] court (as required by [the trial court's] July 20, 2004 order [ . . . ] ) when [Appellant] filed her Statement of Matters with the Prothonotary. After [Appellant] did so, the Statement of Matters

---

5. The trial court's Rule 1925(b) order was dated July 20, 2004, and required Appellant to file a Rule 1925(b) statement within fourteen days thereof. Appellant filed her 1925(b) statement on August 4, 2004, which is one day beyond the time-limitations of Rule 1925(b), and this reason alone could render waived the issues on appeal. However, despite the docket entry listing the trial court's July 20, 2004, Rule 1925(b) order, the prothonotary neglected to docket whether a copy of the order was provided to Appellant or her attorney. *See Hess, supra* (where Appellant not served with trial court's order directing him to file a Rule 1925(b) statement within fourteen days, Appellant was not penalized

for failing to file a timely Rule 1925(b) statement); *Commonwealth v. Phinn,* 761 A.2d 176 (Pa.Super.2000), *allocatur denied,* 567 Pa. 712, 785 A.2d 89 (2001) (lack of recordation of Rule 1925(b) order would not result in Commonwealth's statement being untimely because not filed within fourteen days of the trial court's order). As a result, Appellant has circumvented the waiver of issues for the failure of the prothonotary to docket when notice of the Rule 1925(b) order was given to Appellant. However, the same result does not obtain with regard to Appellant's failure to serve the trial court with her Rule 1925(b) statement. *See* discussion *infra.*

was readily available to [the trial court] through the [trial c]ourt's file or from the internet docket sheet.

\* \* \* \* \* \*

### VERIFICATION

I, [Appellant], hereby swear and affirm under oath that the facts set forth in the foregoing pleading are true and correct. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

| 11/8/04 | /s/ | [Appellant] |
|---------|-----|-------------|
| Date | | Nancy Hammer |

*See* Appellant's brief, at 8, 17.

¶ 12 It is obvious from the verified statements of Appellant that she received a copy of the trial court's request for a Rule 1925(b) statement. She seeks to legitimize her failure to "serve" the trial court with a substitute version (condoned by neither case law nor our Rules of Appellate Procedure) *via* filing a Rule 1925(b) statement with the prothonotary. Appellant then proposes that the trial court exercise its initiative to find the statement of matters complained of on appeal by manually searching the files of the prothonotary or "surf" the internet to locate the website of the prothonotary. Imposing this type of "self-help" upon a trial court was not contemplated by either the Rules of Appellate Procedure or *Lord* and its progeny.

¶ 13 The notice requirement of Rule 1925(b) imposes waiver consequences upon an Appellant who fails to serve the trial court with a statement of matters complained of on appeal, but it dispenses with waiver where the prothonotary does not docket when notice of the entry of a Rule 1925(b) order was provided an Appellant. Herein, Appellant was able to skirt the fourteen-day time requirements of Rule 1925(b), but the same result does not obtain with her failure to serve the trial court

with a statement of matters complained of on appeal, a fact Appellant verifies as true consistent with the penalties associated with unsworn falsification to authorities per 18 Pa.C.S.A. § 4904. *Cf. Butler,* at 446, 812 A.2d at 634 (unverified Rule 1925(b) statement in Appellant's brief was not a substitute for record evidence (docket entry and customary time stamp of clerk of courts) of timely filing of Rule 1925(b) statement); *Hess,* at 619, 810 A.2d at 1255 (Appellant supported his failure to file a Rule 1925(b) statement by compelling affidavits from the district attorney and clerk of courts, which avoided the strict waiver rule of *Lord* ).

¶ 14 In light of the aforementioned, we have a "basis" to conclude that Appellant had no justification for failing to comply with the trial court's directive to file a Rule 1925(b) statement. *Contrast Hartdegen,* 839 A.2d at 1105 ("[trial court docket did not contain entry of Rule 1925(b) order, nor did it indicate that notice was given to the attorneys of record, as a result,] like the court in *Hess,* 'there is no basis for us to properly conclude there existed a failure to comply with the order's directive to file a [1925(b) ] statement[.]' *Commonwealth v. Hess,* 810 A.2d at 1254. Given these circumstances, [Appellant] cannot be penalized for failing to file a 1925(b) statement, and we will not deem [Appellant's] issues waived for purposes of appellate review.").

¶ 15 We find Appellant's failure to comply with the service requirements of Rule 1925(b), viewed in conjunction with her verified admission to receiving notice of the same (otherwise no statement would have been filed with the prothonotary) and docket evidence of filing Rule 1925(b) order, render waived her complaints on appeal. Accordingly, we affirm the order

denying Appellant's petition to open and/or strike judgment.

¶ 16 Order affirmed.