J-A15002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MENITES, INC., D/B/A THEO'S BAR AND GRILLE, THEODORE KALATHAS, AND MOSCA KALATHAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| WHTM ABC27 NEWS, MEDIA GENERAL, INC., JAMES CRUMMEL, AMANDA ST. HILAIRE | |
| Appellee | No. 100 MDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2016-00116

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED OCTOBER 10, 2017**

Menites, Inc. d/b/a Theo's Bar and Grille, Theodore Kalathas, and Mosca Kalathas (collectively, "Appellants") appeal from the December 14, 2016 order entered in the Cumberland County Court of Common Pleas granting the motion for judgment on the pleadings of WHTM ABC27 News, Media General, Inc., James Crummel, and Amanda St. Hilaire (collectively, "ABC27").  We affirm.

The trial court summarized the factual and procedural history of this matter as follows:

> [On January 7, 2016, Appellants] filed this action for defamation/libel and false light against ABC27 seeking damages as a result of allegedly defamatory statements about [Appellants] which were broadcast on December 18,

2015. The news report in question discussed the results of a health inspection done by the Commonwealth of Pennsylvania, Department of Agriculture in a segment called "Restaurant Report."

The health inspection report states that there was "Round-up weed killer stored next to food in the kitchen area," "brown residue inside the soda gun holders at the bar and at the waitress station," "dried food residue around the inside guard on the floor mixer," and "pink residue on the deflector plate inside the ice machine."

The news report said: "Well, do you like your dinner with a side of weed killer? We didn't think so. Neither do restaurant inspectors from the Department of Agriculture;" "want dinner with a side of weed killer?" "weed killer stored near food," "brown residue built up in the soda nozzle at the bar," "dried food residue caked on the floor," and "pink slimy residue inside the ice machine."

Specifically, [Appellants] allege that the health inspection report did not say:  dinner was served with a side of weed killer; that brown residue was "built up" anywhere or on anything; that anything was found on the floor; that the words "caked" and "slimy" were ever used.

After responding to the complaint, [ABC27] filed a motion for Judgment on the Pleadings on May 13, 2016, arguing that they are protected by the Fair Report Privilege as they were reporting on an official report and they gave a fair and accurate summary of the state health inspection report, that the news reports are not "of and concerning" the Kalathases because the News Report does not even mention them, and that corporate entities cannot state an invasion of privacy claim because false light can only be maintained by a living individual, not corporate entities.

Opinion and Order of Court, 12/14/16, at 1-3 (footnotes omitted) ("Trial Ct. Op.").  On December 14, 2016, the trial court granted ABC27's motion and dismissed Appellants' complaint.  Appellants timely filed a notice of appeal.

Appellants raise the following issues on appeal:

> I. Whether the Court committed an error of law and abused its discretion in concluding that no triable facts exist to support that [ABC27] forfeited their fair report privilege?
>
> II. Whether the Court committed an error of law and abused its discretion in concluding the news reports were not "of and concerning" [Theodore Kalathasas and Mosca Kalathas], and that no triable facts exist to suggest otherwise?
>
> III. Whether the Court committed an error of law and abused its discretion in concluding that a corporate entity cannot make a false light claim?

Appellants' Br. at 4 (footnote omitted).

We review the grant of a motion for judgment on the pleadings as follows:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Southwestern Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa.Super. 2013) (quoting *Coleman v. Duane Morris, LLP*, 58 A.3d 833, 836 (Pa.Super. 2012)).

Appellants first contend that the trial court erred and abused its discretion in concluding that there were no triable facts as to whether whether ABC27 forfeited its fair report privilege. We have previously stated:

> Pennsylvania courts recognize the "fair report privilege." *DeMary v. Latrobe Printing & Publ'g Co.,* 762 A.2d 758 (Pa.Super.2000), *appeal denied,* . . . 786 A.2d 988 (2001). Under this privilege, media defendants have qualified immunity from defamation liability when they report on official governmental proceedings. *Id.* The fair report privilege extends to court pleadings, such as a complaint. *First Lehigh Bank v. Cowen,* 700 A.2d 498, 502 (Pa.Super.1997). The *DeMary* Court succinctly described the scope of the privilege, and its limitations, as follows:
>
>> In Pennsylvania, the fair report privilege protects the press from liability for the publication of defamatory material if the published material reports on an official action or proceeding. *See Sciandra v. Lynett,* . . . 187 A.2d 586, 588 (Pa.1963); *Mosley v. Observer Pub. Co.,* . . . 629 A.2d 965, 967 (Pa.Super.1993). No responsibility attaches so long as the account of the official action or proceeding is fair, accurate and complete, and is not published "solely for the purpose of causing harm to the person defamed." *Sciandra,* 187 A.2d at 589. *See also* RESTATEMENT (FIRST) OF TORTS § 611. "However, this qualified immunity is forfeited if the publisher steps out of the scope of the privilege or abuses the 'occasion.' This can be done by exaggerated additions, or

embellishments to the account." ***Id.*** at 600, 187 A.2d 586. ***See also Mosley****, 629 A.2d at 969.

***Id.*** at 763.

The defendant abuses the fair report privilege if the article carries a materially greater "sting" than a precisely accurate retelling of the public proceeding itself. ***First Lehigh Bank****, 700 A.2d at 503. Generally, the question of whether the privilege has been abused is a question of fact for the jury. ***Id.*** The trial court may make that determination as a matter of law, where the evidence is so clear that it points to only one reasonable conclusion. ***Id.***

***Weber v. Lancaster Newspapers, Inc.***, 878 A.2d 63, 72 (Pa.Super. 2005) (footnote omitted).

The trial court found that ABC27 did not abuse, and thus forfeit, its fair report privilege because the news report did not produce a greater "gist" or "sting" than the health inspection report prepared by the Department of Agriculture upon which ABC27's report was based. After reviewing the parties' briefs, the certified record, and the relevant law, we conclude that ABC27 did not forfeit its fair report privilege with respect to the news report at issue. We agree with and adopt the well-reasoned opinion of the Honorable Albert H. Masland. ***See*** Trial Ct. Op. at 4-8.

Appellants next claim that the trial court erred and abused its discretion in concluding that the news reports were not "of and concerning" Theodore and Mosca Kalathas (collectively, "Kalathases"). Because, as discussed above, the fair report privilege protects ABC27 from defamation claims arising out of the news report in question, the Kalathases' defamation

claims fail even assuming the news report was "of and concerning" them. Accordingly, we need not consider whether the news reports were "of and concerning" the Kalathases.

Finally, we conclude that Appellants have waived their issue concerning the false light claim by failing to include it in their Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal. *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 226 n.2 (Pa.Super. 2005) (citing *Commonwealth v. Lord*, 719 A.2d 306 (Pa.Super. 1998)).

Accordingly, we conclude that the trial court properly granted ABC27's motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

MENITES, INC., D/B/A/ : IN THE COURT OF COMMON PLEAS
THEO'S BAR AND GRILLE, : OF CUMBERLAND COUNTY,
THEODORE KALATHAS, : PENNSYLVANIA
MOSCA KALATHAS, :
    PLAINTIFFS :
   :
    VS. :
   :
WHTM ABC27 NEWS, :
MEDIA GENERAL, INC., :
JAMES CRUMMEL, :
AMANDA ST. HILAIRE, :
    DEFENDANTS : 2016-0116 CIVIL TERM

## IN RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## BEFORE GUIDO, P.J., MASLAND, J. AND PECK, J.

## OPINION AND ORDER OF COURT

**Masland, J., December 14, 2016:--**

Before the court is the Motion for Judgment on the Pleadings filed by

Defendants WHTM ABC27 News, Media General, Inc., James Crummel, and

Amanda St. Hilaire (collectively, "ABC27"), to the Declaratory Judgment action

filed by Menites, Inc., d/b/a/ Theo's Bar and Grille, Theodore Kalathas, Mosca

Kalathas ("Theo's Bar and Grille"). After briefing and argument by the parties, we

will grant the Motion for Judgment on the Pleadings.

### I.    Procedural History

Theo's Bar and Grille filed this action for defamation/libel and false light

against ABC27 seeking damages as a result of allegedly defamatory statements

about Theo's Bar and Grille which were broadcast on December 18, 2015.[1] The

news report in question discussed the results of a health inspection done by the

---

[1] Compl. at 1.

Commonwealth of Pennsylvania, Department of Agriculture[2] in a segment called "Restaurant Report."[3]

The health inspection report states that there was "Round-up weed killer stored next to food in the kitchen area," "brown residue inside the soda gun holders at the bar and at the waitress station," "dried food residue around the inside guard on the floor mixer," and "pink residue on the deflector plate inside the ice machine."[4]

The news report said: "Well, do you like your dinner with a side of weed killer? We didn't think so. Neither do restaurant inspectors from the Department of Agriculture;" "want dinner with a side of weed killer?" "weed killer stored near food," "brown residue built up in the soda nozzle at the bar," "dried food residue caked on the floor," and "pink slimy residue inside the ice machine."[5]

Specifically, Plaintiffs allege that the health inspection report did not say: dinner was served with a side of weed killer; that brown residue was "built up" anywhere or on anything; that anything was found on the floor; that the words "caked" and "slimy" were ever used.[6]

After responding to the complaint, Defendants filed a motion for Judgment on the Pleadings, arguing that they are protected by the Fair Report Privilege as they were reporting on an official report and they gave a fair and accurate summary of the state health inspection report,[7] that the news reports are not "of and concerning" the Kalathases because the News Report does not even

---

[2] Compl. at 2.
[3] Compl. at 3.
[4] Inspection Report at 2.
[5] Compl. at 2.
[6] Compl. at 3.
[7] Brief in Support of Defendants' Motion for Judgment on the Pleadings at 8.

mention them,[8] and that corporate entities cannot state an invasion of privacy claim because false light can only be maintained by a living individual, not corporate entities.[9]

## II. Discussion

## A. Standard of review

ABC27 moves for judgment on the pleadings pursuant to Rule 1034(a). The question presented by a judgment on the pleadings is whether, on the facts averred, the law says with certainty that no recovery is possible. *Cogley v. Duncan*, 32 A.3d 1288, 1291 (Pa. Super. 2011) (citing *Piehl v. City of Philadelphia*, 987 A.2d 146, 154 (Pa. 2009)). In reviewing a plaintiff's complaint, the trial court is bound to consider as true all the material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *DeMary v. Latrobe Printing & Publ'g Co.*, 762 A.2d 758, 762 (Pa. Super. 2000). A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1034; *Kelly v. Nationwide Ins. Co.*, 606 A.2d 470, 471 (Pa. Super. 1992).

Accordingly, we consider the defamation/libel standard to determine whether, assuming the allegations of the Complaint are true, the Kalathas' action should move forward or be dismissed.

---

[8] Brief in Support of Defendants' Motion for Judgment on the Pleadings at 12.
[9] Brief in Support of Defendants' Motion for Judgment on the Pleadings at 13.

## B.    Fair Report Privilege

Pennsylvania has recognized a privilege for the press to publish accounts of official proceedings or reports even when such an account contains defamatory statements. *First Lehigh Bank v. Cowen*, 700 A.2d 498, 503 (Pa. Super. 1997). Nonetheless, that privilege is qualified and can be forfeited if the report is inaccurate or unfair. *Mosley v. Observer Publishing Co.*, 629 A.2d 965, 969 (Pa. Super. 1992). The question of whether the privilege has been abused has been distilled by the federal court to a "gist" or "sting" test. *First Lehigh*, 700 A.2d at 503. "A statement is substantially accurate if its 'gist' or 'sting' is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced." *Williams v. WCAU- TV*, 555 F. Supp. 198, 202 (E.D.Pa.1983). The question is whether a reasonable person, comparing the complaint and the article as a whole, could conclude that the article was a fair and accurate rendition of the complaint. If the reader could conclude that the article carries with it a materially greater "sting," then the fair report privilege has been abused and is thus forfeited. *Mosley*, 629 A.2d at 969.

The burden is on the defendant to establish the existence of the privilege. *Oweida v. Tribune-Review Publ'g Co.*, 599 A.2d 230, 239 (Pa. Super. 1991). Defendants argue that the privilege applies to all press reports about "the acts of the executive or administrative officials of government." *Sciandra v. Lynette*, 187 A.2d at 588, 600 (Pa. 1962). We agree that the privilege does apply to the Defendants because they reported on the results of a health inspection conducted by the Commonwealth of Pennsylvania, Department of Agriculture.

-4-

Once the existence of the privilege is established, the burden then shifts to the plaintiff to establish an abuse of that privilege. *First Lehigh Bank*, 700 A.2d at 503. Whether the privilege is abused is normally a question for the jury. *Id.* However, as with any question of fact, it may be a question that should be answered by the judge, rather than by the jury, if the evidence is so clear no reasonable person would determine the issue before the court in any way but one. *Scott v. Extracorporeal, Inc.*, 545 A.2d 334, 340 (Pa. Super. 1988).

Plaintiffs' allege that the news report was not a fair and accurate account of the health inspection report. Specifically, they contend that it was not fair and accurate when Defendants said: 1) "Well, do you like your dinner with a side of weed killer? We didn't think so. Neither do restaurant inspectors from the Department of Agriculture;" 2) "Here is a really bad pick up line: Want dinner with a side of weed killer?" "Yes please;" 3) and when they described the results of the inspection as:

- "Weed killer stored near food"

- "Brown residue built up in the soda nozzle at the bar"

- "Dried food residue caked on the floor"

- "Pink slimy residue inside the ice machine"

Comp. ¶ 12-13.

The following statements are drawn verbatim from the Inspection Report, which notes the following "violation[s] of code":

- "Round-up weed killer stored next to food in the kitchen area"

- "Brown residue inside the soda gun holders at the bar and at the

-5-

waitress station"

- "Dried food residue around the inside guard on the floor mixer"

- "Pink residue on the deflector plate inside the ice machine"

Inspection Report at 2.

Specifically, Plaintiffs argue that the words "built up residue" and "caked on the floor" leave the recipient with the "gist" or "sting" that the restaurant was totally unclean.[10] A comparison of this segment with the inspection report demonstrates that ABC27 accurately reported the results of the inspection. There is a very small difference between what was in the news report and what was in the health inspection report: "Round-up weed killer stored next to food in the kitchen area" is almost the same as "weed killer stored near food." "Brown residue built up in the soda nozzle at the bar" is almost the same as "brown residue inside the soda gun holders at the bar and at the waitress station." "Dried food residue caked on the floor" is almost identical to "dried food residue around the inside guard on the floor mixer." "Pink slimy residue inside the ice machine" is almost the same as "pink residue on the deflector plate inside the ice machine." None of the statements produce a greater sting than what was in the health inspection report. We disagree with Plaintiffs' allegation that the news report leaves a greater sting of the restaurant being unclean than the inspection report.

Further, we note application of the privilege does not require a verbatim recitation of the document being reported but merely a summary of substantial accuracy. *Mosley v. Observer Publishing Co.* 629 A.2d 965, 969 (Pa. Super.

---

[10] Brief Opposing Defendants' Motion for Judgment on the Pleadings at 6.

1993). If we held that this was not an accurate reporting of the health inspection report, we would in essence be requiring almost verbatim statements in order for the fair report privilege to apply. Remembering the standard to be applied in determining whether a report is accurate and fair, we conclude that the article contains no greater "sting" than the actual inspection report that was relied upon and no reasonable person could determine otherwise.

Plaintiffs also argue that it was inaccurate and unfair when Defendants said: "well, do you like your dinner with a side of weed killer? We didn't think so. Neither do restaurant inspectors from the Department of Agriculture" and "here is a really bad pick up line: Want dinner with a side of weed killer?" "Yes please." These statements are clearly somewhat flippant comments arising from the health inspection report stating that there was "weed killer stored near food." However, Pennsylvania courts have consistently held that a news report "does not lose its privilege by reason of the alleged flippant and smart alecky style of writing." *First Lehigh Bank*, 700 A.2d at 507. To be covered by the privilege, a news report does not need to "conform to that precision demanded in technical or scientific reporting." RESTATEMENT (SECOND) OF TORTS § 611 CMT. F. A news report's use of vivid or colorful language does not make the report actionable if its gist or sting is substantially correct. *Binder v. Triangle, Publ'ns, Inc.*, 275 A.2d 53, 58 (Pa. 1971). Despite its flippant tone, the news report did not state anything contrary to what the health inspection report stated. It added "color" for its audience but that did not create a greater sting than was already contained in the health inspection report.

-7-

For these reasons, we find that Defendants' had the benefit of the fair report privilege and that they did not forfeit that privilege and we will grant judgment on the pleadings to the defamation claim as to Theo's Bar and Grille.

## C.    Libel and Defamation.

A libel is a maliciously written or printed publication which tends to blacken a person's reputation or to expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession. *Volomino v. Messenger Publishing Co.*, 189 A.2d 873, 875 (Pa. 1963). "The fact that the plaintiff is not specifically named . . . is not controlling. A party defamed need not be specifically named, if pointed to by description or circumstances tending to identify him." *Schonek v. W.J.A.C., Inc.*, 258 A.2d 504, 506-07 (Pa. 1969).

Plaintiffs points out that "words criticizing a corporation, without more, are not defamatory of a person connected with it." *Volomino v. Messenger Publishing Co.* 189 A.2d 873, 874 (1963). They argue that this is a case that goes beyond mere criticism because the Kalathases have been known in the community as the owners of Theo's Bar and Grille for the past 23 years and their name is synonymous with their business "Theo's Bar and Grille." Plaintiffs argue that a defamed person does not need to be specifically named if the defamatory statements include a description that tends to identify him. *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 182 A.2d 751, 753 (Pa. 1962). Further, a person may be named by purely inferential, innuendo, imputation or implication for purposes of bringing a cause of action for libel or defamation. *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 182 A.2d 757 (Pa. 1962).

-8-

We disagree that Plaintiffs were named or referenced in any way. The report by ABC27 news report in no way discusses the Plaintiffs individually or in any way infers the identity of the owners of Theo's Bar and Grille. It is clear the news report was about Theo's Bar and Grille only, not the Kalathases personally. A reasonable person would not have a basis for concluding that the statements implicate the owners, even by inference. Further, Theo's Bar and Grille is a business, which is separate from the owners of that business.

For these reasons, we find that the news reports were not "of and concerning" the Kalathases, only "of and concerning" Theo's Bar and Grille and will grant Judgment on the Pleadings as to the Kalathases individually.

### D.    False light

False light is one of four forms of invasion of privacy. *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014). Pennsylvania has adopted the definition of false light invasion of privacy from the Restatement (Second) of Torts. *Id.* There has not been a ruling as to its applicability to a corporation but the comments of the Restatement state that the interest protected by the section is the "interest of the individual in not being made to appear before the public in a false light." RESTATEMENT (SECOND) OF TORTS § 652E CMT. B. (emphasis added). As such, a corporation cannot bring a false light claim.

At argument, Plaintiffs' counsel noted his intention to amend this count to reflect commercial disparagement. Specifically, Plaintiffs intend to amend their complaint to reflect the tort of Commercial Disparagement as it relates to the

restaurant entity.[11] This may be appropriate but in the absence of a formal motion, to which Defendants may respond, we refrain from authorizing that at this time.

### E.     Conclusion

In sum, we reach the following conclusions: (1) Defendants had a fair report privilege and their news report did not forfeit that privilege because the comments were a fair and accurate rendition of the health inspection report; (2) the news reports were not "of and concerning" the Kalathases because it in no way references anything about them personally, only their restaurant; and (3) a corporate entity cannot make a false light claim. Accordingly, we will grant the Defendants' Motion for Judgment on the Pleadings and dismiss the Complaint.

### ORDER OF COURT

AND NOW, this _14th_ day of December, 2016, the Defendants' Motion for Judgment on the Pleadings is **GRANTED** and the Complaint is **DISMISSED**.

By the Court,

Albert H. Masland, J.

William C. Felker, Esquire
P.O. Box 1401
Camp Hill, PA 17001
For Plaintiffs

Michael Berry, Esquire
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1760 Market Street, Suite 1001
Philadelphia, PA 19103
For Defendants

---

[11] Brief Opposing Defendants' Motion for Judgment on the Pleadings at 8.