J-A26043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACQUELINE EDWARDS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT EDWARDS | |
| Appellant | No. 1956 MDA 2016 |

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 14-0012

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

CONCURRING STATEMENT BY BOWES, J.:      **FILED FEBRUARY 09, 2018**

Although I concur with the learned Majority's conclusion that Appellant's attempt to appeal the trial court's February 11, 2016 decision was untimely, I write separately to voice my disagreement with its determination that Appellant waived all his issues by failing to file a Rule 1925(b) concise statement of errors complained of on appeal.

I acknowledge that the Supreme Court established a bright-line rule in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), re-affirmed in **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005), which mandates a finding of waiver when an appellant fails to file a court-ordered Rule 1925(b) statement.  Further, I recognize that our case law dictates that a failure to serve a copy of the Rule 1925(b) statement on the trial court, when directed to do so, is also fatal to an appeal.  **Forest Highlands Community Ass'n v.**

*Hammer*, 879 A.2d 223 (Pa.Super. 2005). Nevertheless, I believe that, under the circumstances of this case, Appellant satisfied the spirit of Rule 1925(b), and therefore, we should not find waiver of that basis.

Herein, Appellant timely appealed the trial court's November 14, 2016 order denying his petitions challenging the September 2016 QDRO order and the February 11, 2016 equitable distribution order. The trial court directed Appellant to file a Rule 1925(b) statement. Appellant failed to file or serve a Rule 1925(b) statement with the trial court. Instead, Appellant filed a letter with this Court, setting forth his claimed errors. The trial court considered this letter and authored a responsive Rule 1925(a) opinion. Thus, appellate review of Appellant's issues was not hampered by his procedural miscue. As such, I believe this Court, in the spirit of judicial economy and fairness, ought to reach the merits of this appeal.

Although the Appellant herein failed to comply with the language of Rule 1925, or the trial court's express directive, he nevertheless satisfied its purpose. As such, I would find that Appellant's letter to this Court constituted his Rule 1925(b) statement. Since the trial court filed a responsive opinion to the claimed errors raised in that letter, we can conduct meaningful appellate review. Accordingly, I would not find his issues waived on that ground. Nevertheless, I agree with the Majority's holding that his issues were waived for failing to timely appeal the February 11, 2016 equitable distribution order. Hence, this concurring statement.

Judge Olson joins this concurring statement.