J. S15033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA LADYANSKY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3373 EDA 2017 |
| ARIA HEALTH SYSTEM & | : | |
| TOWNE PARK LTD. | : | |

Appeal from the Judgment Entered November 3, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. January Term, 2016 No. 2550

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 08, 2018**

Barbara Ladyansky appeals the November 3, 2017 judgment entered in favor of Aria Health System ("Aria") in the Court of Common Pleas of Philadelphia County.  After careful review, we affirm.

The relevant facts and procedural history, as found by the trial court, are as follows:

> This appeal filed, by [appellant], stems from this Court's September 12, 2017 denial of [appellant's] Amended Post-Trial Motion, after a jury verdict on July 18, 2017 in favor of [Aria] regarding [appellant's] premises liability-based suit, in which she claimed that Aria's purportedly negligent behavior had caused her to suffer injuries. . . .
>
> The relevant facts in this matter are as follows:  On October 13, 2014, [appellant] visited Aria's Medical Office Building ("MOB"), located at 3998 Red Lion Road, Philadelphia, PA, for an appointment with

Dr. Richmond, who is an ophthalmologist. Dr. Richmond administered eye drops of some sort to [appellant] during the course of the checkup, thereby dilating her pupils in order to facilitate a proper assessment of her visual acuity. After Dr. Richmond completed his testing, [appellant] was given dark, oversized glasses, in order to shield her sensitive and still-dilated pupils from light, and was sent on her way. [Appellant] then went outside with Steven Ladyansky, her then-husband, whereupon a valet retrieved their vehicle and parked it in the driveway adjacent to the sidewalk in front of MOB's main entrance, near a wheelchair ramp that sloped downwards from the sidewalk to the driveway below. As she moved towards the car's passenger side, [appellant] incorrectly assumed that she was walking on the ramp, an error which caused her to step off the edge of the sidewalk's curb and fall "hard" to the ground, fracturing her left ankle and fibula in the process. Subsequently, [appellant] sued Aria and Towne Park, Ltd. ("Towne Park") on January 21, 2016, claiming therein that Aria and Towne Park were liable for the injuries she had suffered, due to these entities' purportedly negligent acts and omissions pertaining to, respectively, maintenance of the sidewalk area on which she had fallen, and operation of the valet service.

. . . .

This matter subsequently proceeded to a jury trial before this Court, beginning on July 17, 2017 with Aria as the sole defendant.[Footnote 4] Just prior to opening arguments, this Court heard oral argument from the parties regarding the Second MIL, during the course of which [appellant] maintained that Aria had violated Pa.R.C.P. 4017 and, in addition, that she had been prejudiced by the tardy discovery of the transcript omission, by virtue of her expert witness' reliance on the original while creating his report. Ultimately, this Court denied the Second MIL. . . .

> [Footnote 4] [Appellant] discontinued her suit as to Towne Parke via a stipulation that was submitted on July 13, 2017 and approved by this Court on July 18, 2017.

Trial court opinion, 11/27/17 at 1-4 (citations to record and all other footnotes omitted).

On July 18, 2017, the jury returned a verdict in favor of Aria and against appellant on the basis that Aria had not committed negligence in connection with appellant's fall.

On July 27, 2017, appellant filed post-trial motions. She then filed an amended post-trial motion on July 28, 2017. The trial court denied the amended post-trial motion on September 12, 2017. Appellant filed a notice of appeal on October 2, 2017.

The trial court explained the subsequent procedural history:

> Pursuant to Pa.R.A.P. 1925(b), this Court then docketed an order on October 5, 2017, directing [appellant] "to file of record with the First Judicial District's Office of Judicial Records, and serve upon this Court and all parties in interest, a concise and itemized Statement of Errors Complained of not late [sic] than twenty-one (21) days after the date of this order's docketing," cautioning her in this order that "any issue that is not included in a timely filed and served, concise and itemized statement shall be deemed waived."[Footnote 8] Thus, [appellant] had until October 26, 2017 to fully comply with this order. Despite this, and though it appears that [appellant] did electronically docket her Statement of Errors on October 6, 2017 with the First Judicial District's Office of Judicial Records, she neglected to contemporaneously serve a copy of this Statement upon this Court and subsequently did not remedy her

noncompliance, thus failing to fulfill the explicit requirements of this Court's October 3, 2017 order.

> [Footnote 8] This Court issued this order on October 3, 2017; however, for reasons unknown, it was not docketed until two days later.

Trial court opinion, 11/27/17 at 6-7.

Appellant raises the following issues for this court's review:

1. Should [a]ppellant's [a]ppeal be quashed pursuant to the [trial c]ourt's October 3, 2017 Order?

2. Did the [t]rial [c]ourt err in denying [appellant's] Second Motion *in Limine*, thereby admitting evidence of a "corrected" deposition transcript when under Pa.R.Civ.P. 4017(b), [Aria] waived its objection to the correctness of the original transcript?

3. Did the [t]rial [c]ourt err in permitting Counsel for [Aria] to play a portion of the audio recording of [appellant's] deposition testimony during cross-examination?

Appellant's brief at 4.

Initially, appellant argues that her appeal should not be quashed because she substantially complied with the order to serve the concise statement of errors complained of on appeal with the trial judge because she filed a copy with the Court of Common Pleas of Philadelphia County and because she had earlier served a supplemental brief with the trial judge on August 21, 2017, which also placed the trial judge on notice of the issues on appeal.

First, this court does not agree that a supplemental brief in support of a post-trial motion filed over a month before the trial judge ordered that he be served with a copy of the concise statement of errors complained of on appeal substantially complies with the order.

Second, this court does not agree that appellant substantially complied with the order. Pa.R.A.P. 1925(b) provides, in relevant part, as follows:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
> . . . .

> (3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:
>
>> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>>
>> (ii) that the Statement shall be filed of record;
>>
>> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
>>
>> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1) and (3).

Preliminarily, in order for waiver to be found, the trial court must issue a Rule 1925(b) order that directs the appellant to file a response within the 21 days specified in the rule. Second, the order must be filed with the prothonotary. Third, the prothonotary must docket the order and record on the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of the record, and

the giving of notice shall be recorded on the docket. ***Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223, 227 (Pa.Super. 2005).[1]

Here, the trial judge and prothonotary complied with these requirements. In ***Forest Highlands***, the trial court in its Rule 1925(b) order directed Nancy Hammer ("Hammer"), the appellant, to serve a copy upon the presiding judge pursuant to Rule 1925(b). Hammer did not do so. As in the present case, Hammer argued that because a copy was filed with the prothonotary, the trial judge could find the concise statement on his own. This court determined that it was not the trial court's role to manually search the files of the prothonotary or to surf the internet to locate the website of the prothonotary. ***Id.*** at 229. This court determined that Hammer's failure to comply with the service requirements of Rule 1925(b) resulted in waiver of her complaints on appeal. This court affirmed. ***Id.*** at 229-230.

Similarly, here, appellant was directed to serve the trial judge with a copy of the statement of errors and failed to do so. Although the trial judge asks that the appeal be quashed, this court shall follow ***Forest Highlands*** and find that appellant has waived all issues on appeal.

Judgment affirmed.

---

[1] In ***Forest Highlands***, this court stated that the trial court was required to direct an appellant to file a response within 14 days. At the time, that was the time period specified in Rule 1925(b). The time limit was changed to 21 days in 2007.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/8/18</u>