J-A18011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLORIA FEIJO | |
| Appellant | No. 153 EDA 2018 |

Appeal from the Order Entered December 7, 2017
In the Court of Common Pleas of Chester County
Civil Division at No: 2016-10159-CT

BEFORE: STABILE, J., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 18, 2018**

Appellant, Gloria Feijo, appeals *pro se* from the December 7, 2017 order denying her petition to open a default judgment. We quash.

The record reveals that Appellee, De Lage Landen Financial Services, Inc., filed a complaint on October 25, 2016 alleging that Appellant breached an equipment lease agreement. Appellant never filed an answer, and a default judgment was entered against her on January 24, 2017. Appellant filed a *pro se* petition to open the judgment on May 19, 2017, and Appellee filed its response on June 1, 2017. On June 23, 2017, Appellant filed a *pro se* reply

---

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

and a proposed answer to Appellee's complaint. The trial court denied the motion on December 7, 2017, and this timely appeal followed.

On January 12, 2018, the trial court ordered Appellant to file and serve on the judge a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The certified docket indicates that a copy of the order was sent to all counsel and unrepresented parties on January 16, 2018. Appellant filed a timely concise statement but failed to serve it on the trial court in accord with Pa.R.A.P. 1925(b)(1) and the express terms of the trial court's order. Appellant's failure to serve a copy of her Pa.R.A.P. 1925(b) statement on the trial court results in waiver of the issues she would present on appeal. *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 228-29 (Pa. Super. 2005). We are therefore constrained to quash this appeal. Were we to address the merits, however, we would affirm for the reasons stated in the trial court's Pa.R.A.P. 1925(a) opinion, filed on February 28, 2018. A copy of that opinion is attached.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/18

- 2 -

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : IN THE COURT OF COMMON PLEAS |
| | : CHESTER COUNTY, PENNSYLVANIA |
| vs. | : CIVIL ACTION – LAW |
| GLORIA FEIJO | : NO. 2016-10159-CT |

Fred August Nehr, Esquire, Attorney for Plaintiff.
Defendant, *Pro se*.

SENT
MAR 05 2018

## OPINION

Defendant appeals from our Order dated December 6, 2017 and docketed December 7, 2017 denying her Motion to Open or Vacate Default Judgment. We submit this Opinion in accordance with Pa.R.A.P. 1925(a). Defendant timely filed her Notice of Appeal and her Concise Statement of Errors Complained of on Appeal. However, Defendant failed to serve the Concise Statement on the undersigned. We respectfully request that the instant appeal be quashed as violative of Pa.R.A.P. 1925(b)(1). Should the Court not quash the appeal, the following is our Opinion in support of our Order.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing its Complaint on October 25, 2016. Service was effectuated on Defendant on or about November 19, 2016. Due to Defendant's failure to file an Answer to the Complaint, a default judgment was entered on January 24, 2017. Defendant filed her Motion to Open or Vacate Default Judgment on May 19, 2017. Plaintiff filed its response to the Motion on June 1, 2017 and its Brief in Support on June 7, 2017. Defendant filed a sur-reply on June 23, 2017 along with her proposed Answer to the Complaint. As stated above, we issued our Order denying Defendant's Motion on December 6, 2017 which was docketed on December 7, 2017.

## DISCUSSION

Defendant has raised four (4) Matters Complained Of on Appeal. First, Defendant argues that we erred when we found that she was properly served with the Complaint. Defendant resides in East Elmhurst, NY. Pursuant to Pa.R.C.P. 404 original process may be made outside the Commonwealth by *inter alia* (1) a competent adult in a manner provided by Rule. 402(a) or (2) by mail in the manner provided by Rule 403. Plaintiff filed a Proof of Service which demonstrates that a process server hand delivered a copy of the Complaint to a co-tenant at Defendant's address who refused to give her name. In addition, a copy of the Complaint was mailed to Defendant at her last known address. Thirdly, Plaintiff provided a copy of an Order issued by the Honorable Rudolph E. Greco, Jr. of the New York Supreme Court – Queens County which also demonstrates that Defendant was properly served. Finally, by attempting to proceed on the merits of the case, Defendant may have waived any defect in service.

In her second Matter, Defendant argues that we erred by failing "to take into account that defendant resides out of state, has little familiarity with the English language and is pro se." Respectfully, the fact that Defendant resides outside the Commonwealth and is proceeding *pro se* does not entitle her to any special consideration. See; Triffin v. Janssen, 626 A.2d 571 (Pa. Super. 1993). With regard to Defendant's lack of "familiarity with the English language", a review of her Motion and her proposed Answer demonstrate otherwise.

In her third Matter, Defendant argues that we erred when we failed to "balance the lack of timely filing against the lack of prejudice to Plaintiff if the default judgment was opened and the fact that defendant immediately returned the equipment . . ." We also erred when we failed to consider the "substantial amount of money involved." The standards for striking and or opening a default judgment do not require us to perform any type of balancing analysis. With regard to Defendant's request that we vacate (strike) the judgment, we found no fatal defect

- 2 -

apparent on the face of the record. See; State Farm Insurance Co. v. Barton, 905 A.2d 993 (Pa. Super. 2006). With regard to Defendant's request that we open the judgment, we found that she did not comply with the first prong of the three-part test, i.e. she failed to promptly file her petition for relief. See; Aquilino v. Philadelphia Catholic Archdiocese, 884 A.2d 1269, 1282 (Pa. Super. 2005); Cross v. 50th Ward Community Ambulance Co., 365 Pa. Super. 74, 528 A.2d 1369 (1987); Raymond J. Brusco Funeral Home v. Sicilia, 419 A.2d 688, 690 (Pa. Super. 1980). We are also not required to consider the amount of the judgment or the fact that Defendant returned the equipment.

In her final Matter, Defendant argues that we erred when we "ignored the fact that the Plaintiff and counsel filed false verification and that their lawsuit is a fraud." This Matter appears to relate to Defendant's argument that she returned the equipment and that she was not given the proper credit for same. These are potential meritorious defenses; however, we did not reach them due to Defendant's failure to promptly file her Motion for relief. For the foregoing reasons, we entered the Order from which this Appeal has been taken.

BY THE COURT.

WILLIAM P. MAHON                    J.

2/28/18

Date

- 3 -