J-A14028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KAMRAN GHAZVINI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEL TOYOTA | : | No. 17 EDA 2023 |

Appeal from the Order Entered November 16, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-04162-CV

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 6, 2023**

Appellant, Kamran Ghazvini, appeals *pro se* from the November 16, 2022 Order entered in the Chester County Court of Common Pleas granting the motion for summary judgment filed by Appellee, Del Toyota.  After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On July 22, 2022, Appellant filed *pro se* a Complaint recounting that he purchased a vehicle from Appellee car dealership in February 2017.[1]  He asserted that, one month later, he returned to the dealership after experiencing problems with the car's transmission but was unsatisfied with the dealership's response to his complaints.  In the Complaint, Appellant did not articulate any specific cause of action he sought to pursue against Appellee.

_____

[1] Included in the purchase of the vehicle was a limited 30-day warranty.

On July 12, 2022, Appellee filed an Answer and New Matter observing that it "is without a clear understanding of [Appellant's] claim" and, thus, denied Appellant's allegations.

On September 2, 2022, Appellee filed a Motion for Summary Judgment asserting that Appellant had failed to state a claim upon which the court could grant relief.[2]  Appellant did not file a response to the motion.  On November 16, 2022, the trial court granted the Motion for Summary Judgment and entered judgment in Appellee's favor.[3, 4]

This timely *pro se* appeal followed.

On December 16, 2022, the trial court issued an Order directing Appellant to file a Pa.R.A.P. 1925(b) Statement.  In the Order the court specified that Appellant must both file of record with the court clerk and "serve upon the undersigned, a concise statement ("Statement") of the errors complained of on appeal[.]"  The court reiterated that "[t]he Statement must be served upon the undersigned pursuant to Pa.R.A.P.[] 1925(b)(1)."  In the

---

[2] In the motion, Appellee also argued that "[a]ssuming, *arguendo*, that [Appellant's] Complaint can be read to state a claim, the statute of limitations for a breach of contract or breach of warranty claim is 4 years."  Motion, 9/2/22, at ¶ 7.

[3] In the order granting the motion for summary judgment, the court observed that "[t]his is allegedly a breach of contract action," and found it barred by the four-year statute of limitations.  It further observed that Appellee was entitled to summary judgment pursuant to Pa.R.C.P. 1035.3(d) because Appellant had failed to file an answer to Appellee's motion.

[4] On November 23, 2022, Appellant filed a Motion for Reconsideration of the order granting summary judgment in Appellee's favor, which the trial court denied on December 2, 2022.

Order, the trial court provided Appellant with the Court's mailing address at the Chester County Justice Center.

On December 29, 2022, Appellant filed a Rule 1925(b) Statement. On February 3, 2023, the trial court filed a Rule 1925(a) Opinion noting that Appellant had failed to serve the court with the Rule 1925(b) Statement and requesting that we quash this appeal.

Before we reach the merits of Appellant's claims on appeal, we consider whether he has preserved them.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, in relevant part:

> (1) *Filing and Service*: The appellant shall file of record the Statement and concurrently shall serve the judge. . . . Service on the judge shall be at the location specified in the order, and shall either be in person, by mail, or by any other means specified in the order.

Pa.R.A.P. 1925(b)(1).

Here, the court directed Appellant to serve it with a copy of the Rule 1925(b) statement and specified the location at which Appellant should serve it, as required by Rule 1925(b)(1). Nevertheless, Appellant failed to comply with the trial court's order. Appellant has, thus, waived his issues on appeal. *See Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 229 (Pa. Super. 2005) (finding that the appellant had waived her issues on appeal by

failing to serve the trial judge with her court-ordered Rule 1925(b) statement).[5]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023

---

[5] Moreover, Appellant has failed to include an argument section in his *pro se* appellate brief in violation of Rule 2111 (setting forth the requirements of an appellant's brief) and Rule 2119 (requiring an appellant to divide his argument into as many parts as there are questions presented and to support his argument with discussion and citation to pertinent authority and to the record). Thus, even if Appellant had not waived his issues on appeal by failing to serve the trial court with his Rule 1925(b) statement, we would affirm the court's order based on this fatal briefing defect.