J-A03007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDRE MURRAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIC TRIPODI & JOSEPHINE | : | |
| TRIPODI | : | |
| | : | |
| APPEAL OF:  JOSEPHINE TRIPODI | : | No. 98 EDA 2017 |

Appeal from the Order November 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  June Term, 2014 No. 0495

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 30, 2018**

Appellant, Josephine Tripodi, appeals from the order entered in the Philadelphia County Court of Common Pleas, which vacated the jury verdict awarding Appellee Andre Murray no damages for pain and suffering and granted Appellee a new trial on non-economic damages, in this negligence action.  On June 4, 2014, Appellee filed a complaint against Appellant and her husband Dominic Tripodi, claiming the Tripodis negligently failed to remove snow and ice on their property within a reasonable amount of time following a snow event in February 2014, which caused Appellant to slip and fall and sustain injuries.  The parties proceeded to compulsory arbitration on January 20, 2016; the panel decided Appellant was not negligent.  The parties stipulated to dismiss the claims against Appellant's husband. Appellee timely filed a notice of appeal to the Court of Common Pleas on January 22, 2016.

_____
*   Retired Senior Judge assigned to the Superior Court.

On August 31, 2016, a jury found Appellant liable and awarded Appellee $2,729.00 in damages for medical expenses but awarded no damages for pain and suffering. On September 7, 2017, Appellee filed a post-trial motion for a new trial on damages. Appellant subsequently filed a post-trial motion seeking judgment notwithstanding the verdict ("JNOV"). On November 15, 2016, the court granted Appellee's post-trial motion for a new trial on damages and denied Appellant's post-trial motion for JNOV. Appellant timely filed a notice of appeal on December 9, 2016. By order entered December 12, 2016, with Pa.R.C.P. 236 notice issued the next day, the court directed Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), within 21 days. Appellant electronically filed her statement on the docket on December 30, 2016. The certificate of service indicates counsel hand-delivered the statement to the trial judge's chambers on that date.

Preliminarily, appellants must timely comply whenever the trial court orders them to file a Rule 1925(b) concise statement. **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases:

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirement of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and

quotation marks omitted) (emphasis omitted). In addition to filing a concise statement on the docket, an appellant must concurrently serve the trial judge. Pa.R.A.P. 1925(b)(1). Failure to serve the trial judge can constitute waiver of issues on appeal. *See Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223 (Pa.Super. 2005) (explaining Rule 1925(b) imposes waiver consequences upon appellant who fails to serve trial judge with concise statement of errors). Nevertheless, upon application of an appellant for good cause shown, this Court may remand in a civil case for the filing of an initial, amended or supplemental concise statement and/or a supplemental trial court opinion. *See* Pa.R.A.P. 1925(c)(2), *Note*.

Instantly, by order entered December 12, 2016, with Rule 236 notice issued the next day, the court directed Appellant to file a Rule 1925(b) statement. Thus, Appellant's concise statement was due January 3, 2017. Appellant electronically filed her statement on the trial court docket on December 30, 2016. The certificate of service indicates counsel hand-delivered the statement to the trial judge on that date. Nevertheless, the court issued a Rule 1925(a) opinion, acknowledging that Appellant timely filed her concise statement electronically on the docket but insisting Appellant failed to serve the trial judge until January 9, 2017, constituting waiver of all issues on appeal. Consequently, the trial court declined to address any of Appellant's issues on the merits. In response, Appellant filed an application for relief in this Court, claiming appellate counsel personally

hand-delivered the concise statement to the trial judge's chambers on December 30, 2016. Counsel stated he knocked on the door of the trial judge's chambers and, when no one answered, he placed the statement in the appropriate mail slot around 1:30 p.m. on that date. Appellant attached to the application for relief, *inter alia*, a copy of the cover letter with the concise statement, dated December 30, 2016, and an affidavit swearing and affirming counsel personally hand-delivered the statement to the trial judge's chambers on that date. This Court denied the application without prejudice to renew the issue before the merits panel.

Under these circumstances, particularly in light of court closures and vacations around the New Year's holiday, Appellant has demonstrated good cause to consider her Rule 1925(b) statement as timely filed and delivered to the judge on December 30, 2016. Accordingly, we remand for a supplemental trial court opinion addressing all issues raised in Appellant's Rule 1925(b) statement, within 30 days from the date of remand. **See** Pa.R.A.P. 1925(c)(2), *Note*. Oral argument shall proceed as scheduled, unless this Court is notified otherwise.

Case remanded with instructions. Panel jurisdiction is **retained**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/18